THOMAS v. COMMISSIONERS OF HUGHES COUNTY.

No. 6072.    Opinion Filed October 13, 1914.

(143 Pac. 665.)

TAXATION—County Assessor—Compensation. Under chapter 152, sec. 16, Laws 1910-11, a county assessor is entitled to compensation based upon entire valuation of the county, including values placed upon public service corporation or other property assessed by the State Board of Equalization.

(Syllabus by the Court.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

A claim presented by Lloyd Thomas was rejected in part by the County Commissioners of Hughes County. From a judgment of the district court, affirming the ruling of the commissioners, he brings error. Reversed, with directions.

*Lafayette Walker* and *C. W. Stringer,* for plaintiff in error.

*Tom H. Fancher,* for defendants in error.

LOOFBOURROW, J. The board of county commissioners of Hughes county rejected a portion of the claim of Lloyd Thomas as county assessor for the year 1912. From this order he appealed to the district court, where the ruling of the county commissioners was affirmed. From a judgment of the district court, Thomas, plaintiff in error, appealed.

From the record it appears that the total valuation of taxable property in Hughes county for the year 1912 was $12,-166,065. Of this amount $3,839,274 was the valuation placed upon public service corporation property situated within Hughes county for that year. It is contended that, because the public service corporation property under the law is assessed by the State Board of Equalization, the county assessor is not entitled to a percentage of such property. The statute (section 16, c. 152, Sess. Laws 1910-11) is plain and unambiguous, to wit:

"The county assessor shall receive the following as full compensation for the services of himself and his deputies and no other: Upon the first two million dollars ($2,000,000.00) assessed valuation, he shall receive five cents per one hundred dollars ($100.00), and upon the next three million dollars ($3,-000,000.00) valuation, he shall receive two and one-half cents per one hundred dollars ($100.00) and upon the next thirty million dollars ($30,000,000.00) valuation, or fraction thereof, one and one-half cents per one hundred dollars ($100.00) and on all above thirty-five million ($35,000,000.00) valuation, three-fourths cents per one hundred dollars ($100.00). The county assessor shall be paid monthly out of the salary fund of the county as other county officers are paid and shall receive for the first six months seventy-five per cent. (75) of the total amount allowed, in order to be able to pay his deputies and other expenses

for assessing; and until the valuation for the current year, can be ascertained, the valuation of the preceding year shall be used as a basis for fixing the amount of compensation to be drawn each month."

The language of the act does not limit the assessor's per cent. to the assessed valuation returned by the assessor or his deputies, but the same is computed upon the "assessed valuation," and the last clause of the section provides: "The valuation for the preceding year shall be used as a basis," etc. No attempt is made to distinguish or separate the valuation returned by the assessor and that by the State Board of Equalization. The assessed valuation of Hughes county clearly includes the valuation of the public service corporation property. Without it the assessed valuation would be incomplete. The assessor must enter and extend this property on the rolls, together with the levies, etc. The return of the property is but a minor portion of the labor incident to a complete record of such assessment. For this court to say that the basis upon which the percentage must be estimated to arrive at the assessor's compensation is limited to the property assessed by the assessor and his deputies would be to interpolate a proviso or clause which did not exist, thereby invading the functions of the legislative department.

The judgment of the trial court is reversed, with directions to proceed in accordance with this opinion.

All the Justices concur.