**POTTAWATOMIE COUNTY et al. v. ALEXANDER, County Assessor.**

No. 7991—Opinion Filed April 16, 1918.

(172 Pac. 436.)

(Syllabus.)

**1. Statutes—Amendment—Construction.**

An act to amend a particular section of a general law is limited in its scope to the subject-matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates.

**2. Same—New Matter.**

Though a particular section of a law may by amendment be broadened so as to bring within its provisions matter which could logically and legally have been placed in it originally, such new matter must be something which had not been already specially and differently provided for in another section of the same statute and to which section no reference is made in the amendatory law.

**3. Same—Amendment—Reference to Title—Constitutional Provisions.**

That portion of section 1, c. 210, Act of May 17, 1913 (Sess. Laws 1913, pp. 463, 464) which undertakes to limit the compensation of county assessors to the value of the property assessed, excluding "values placed upon public service corporations, or other property assessed by the State Board of Equalization," being amendatory both in form and in fact, is repugnant to and violative of section 57, art. 5, of the Constitution, requiring that "no law shall be * * * amended * * * by reference to its title only; but so much thereof as is * * * amended * * * shall be re-enacted and published at length."

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

From a judgment allowing a claim of H. H. Alexander, County Assessor, against Pottawatomie County, the Board of County Commissioners prosecute error. Affirmed.

C. W. Friend, Clarence Robison (W. H. Voyles, amicus curiae), for plaintiffs in error.

Park Wyatt, for defendant in error.

SHARP, C. J. The one question necessary to a determination of the proceedings in error brought here for review by the board of county commissioners of Pottawatomie county is the constitutionality of an act of the Legislature approved May 17, 1913, entitled "An act amending section 3 of chapter 152 of the Session Laws of Oklahoma, 1911, and declaring an emergency" (Sess. Laws 1913, pp. 463, 464). If the act is constitutional, the judgment of the trial court in allowing the claim of the county assessor based on the assessed valuation of public service corporations in Pottawatomie county must be reversed. If, on the other hand, the act violates section 57, art. 5, of the Constitution, requiring that no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended, or conferred shall be enacted and published at length, the judgment of the trial court should be affirmed.

But two sections of chapter 152 of the Laws of 1911 require consideration. These are section 3, fixing the duties and prescribing the power of the county assessor, and section 16, fixing the compensation of the county assessor and his deputies. As already seen, the amendatory act of 1913 purports only to amend section 3. The amended section differs from section 3 of the original act in three particulars:

(1) It omits therefrom the following immaterial words: "In the performance of his duties as provided in this act."

(2) It adds the following:

"And to compel the attendance of necessary witnesses and the production and inspection of necessary books and papers by the issuance of subpoenaes therefor to properly perform his duties hereunder."

(3) It adds a new clause, in form a proviso, as follows:

"Provided the compensation herein enumerated shall not include values placed upon public service corporations, or other property assessed by the State Board of Equalization."

Neither the first nor second amendments are pertinent to the question here presented. The latter, or proviso, limiting the compensation of the county assessor, is relied upon by the board of county commissioners to defeat the assessor's claim for compensation. Under the law as it existed prior to the passage and approval of the amended statute, county assessors were entitled to compensation based upon the entire property valuation of the county, including values placed upon public service corporations or other property assessed by the State Board of Equalization. This was determined in Thomas v. Commissioners of Hughes County, 43 Okla. 616, 143 Pac. 665. As seen at a glance, the proviso in the amended act is properly an amendment, not to section 3 of the original act, but to section 16. In its effort to amend the statute, the Legislature selected a restrictive title, in that it purported only to amend section 3 of the old act. In such circumstances, could the Legislature constitutionally introduce into the amendment, a subject formerly considered only under another section? The answer to the inquiry suggested determines the case.

Had the amended act been entitled generally as an act to amend chapter 152, any amendment germane and pertinent might have been made; but, being specifically limited to the section designated, the interpolation by proviso of a new subject dealt with in another section of the old act was not permissible. Any further changes than those designated in the title were precluded by the specific enumeration of those named.

As stated in Cooley's Const. Lim. (5th Ed.) 179:

"As the Legislature might make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one, enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power. The Constitution has made the title the conclusive index to the legislative intent as to what shall have operation. It is no answer to say that the title might have been made more comprehensive, if in fact the Legislature has not seen fit to make it so."

The constitutional requirement prescribing the manner in which statutes may be revived or amended is found in the constitutions of many of the states. Its purpose is perhaps nowhere better stated than by Justice Cooley in People v. Mahaney, 13 Mich. 481, where the learned jurist, speaking to a similar provision of the Michigan Constitution, said:

"The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the Constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designated to be remedied by this provision, and cannot be held to be prohibited by it without violating its plain intent."

See, also, Mok v. Detroit Bldg. & Sav. Ass'n, 30 Mich. 511; Bush v. Indianapolis, 120 Ind. 476, 22 N. E. 422.

It is held generally that, where the title of the amendatory act specifies the section or sections to be amended, the amendment must be germane to the subject-matter of the sections specified, and that amendments of other sections, not specified, will be void. Lewis' Sutherland, Stat. Const. § 139.

State v. American Sugar Ref. Co., 106 La. 553, 31 South. 181, is a case involving a state of facts very similar to the one under consideration. There, the act of the Louisiana Legislature under consideration purported to amend and re-enact sections 10, 12, and 14 of an act of 1898. At the close of section 10, as reenacted, were the words:

"Provided further, that for carrying on the business of refining sugar and molasses or either of them, the annual state license shall be one-eighth of one per cent. upon the gross annual receipts of such business." Act No. 103 of 1900.

The title to the amended act did not name section 11 of the act of 1898. The amendment of section 10 transported out of section 11 of the original act into section 10 of that act the subject-matter there considered. The proviso to section 10 was declared unconstitutional. The opinion is an able one. From it we learn that the same rule and reasons which prevent the Legislature in enacting a general law on a particular subject, from inserting in the body of the law additional subjects not covered by the title, prevent that body, when it enacts a law directed by its title specially to the amendment of a particular section of a law (that is, to the alteration of the particular matters contained in that section), from putting for the first time into that section distinct matters not included in it before the amendment, when· the matters so thrown in are, after being altered, those which had been specially and otherwise provided for in another section of the same law. That as the Legislature, in a law purporting to deal generally by amendment with a pre-existing law, has to keep inside of the objects provided for in the original law, so it has in a law purporting to deal with a special section to keep within the things provided for in that section. It is not sufficient that these things should have been classed as matters falling legally and properly under the general title of the original law. It may be that a particular section of a law may, by amendment, be broadened so as to bring within its provisions some particular matter which could logically and legally have been placed in it originally; but this matter must be something which had not already been provided for in another section of the same statute which was proposed to be amended.

Also, in Dolese v. Pierce, 124 Ill. 140, 16 N. E. 218, it was held that:

"An act to amend certain sections of a general law is limited in its scope to the subject-matter of the section proposed to be amended. In such case, the introduction of any new substantive matter not germane or pertinent to that contained in the original sections cannot be regarded as an amendment thereto, but must be regarded as independent legislation upon a matter not embraced in the title of the act, and therefore void. The amendment of an act in general, or of a particular section of an act, ex vi termini, implies merely a change of its provisions upon the same subject to which the act or section relates."

Other cases bearing upon the question at hand are City of Pond Creek v. Haskell, 21 Okla. 711, 97 Pac. 338; In re Lee, 64 Okla. 310, 168 Pac. 53; State ex rel. Atty Gen. v. Bankers' and Merchants' Mut. Ben. Ass'n, 23 Kan. 499; Hicks v. Davis, State Auditor, 97 Kan. 312, 154 Pac. 1030: Board of Commissioners v. Aspen Min. & Smelt. Co., 3 Colo. App. 223, 32 Pac. 717; Ex parte Hewlett, 22 Nev. 333, 40 Pac. 96; State ex rel. Graham v. Tibbets, 52 Neb. 228, 71 N. W. 990, 66 Am. St. Rep. 492.

There would seem to be no reasonable doubt that the act in question is repugnant to section 57, art. 5 of the Constitution in so far as it sought to place a limitation upon the compensation of county assessors. One of the principal purposes of the amendatory act, if indeed not the main purpose, was to amend a section other than the one which it proposed to amend by transferring and inserting such amended matter as a proviso to the amended section which theretofore had no reference to the subject-matter of the proviso. This the Legislature could not constitutionally do.

The judgment of the trial court is affirmed.

All the Justices concurring.