### Ex parte MASTERS.

No. 18540.   Opinion Filed July 26, 1927.

(Syllabus.)

**1. Statutes—Amendment to Particular Section of General Law—Limited Scope.**

An act to amend a particular section of a general law is limited in its scope to the subject-matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates

**2. Same—Insufficiency of Title—Invalidity of Amendment Raising Speed Limit on Highways.**

The last paragraph of section 1, chapter 76, Session Laws of 1927 (House Bill No. 124, Eleventh Legislature), which reads:

"Provided, speed limit shall not exceed 45 miles per hour,"

—is an attempt to legislate, with regard to a matter not embraced within the subject-matter of section 10164, Comp. Stat. 1921, the section sought to be amended by said chapter 76, Session Laws of 1927. Such language cannot be regarded as an amendment to said section 10164, but must be regarded as independent legislation upon a matter not embraced within the title of the act, and therefore void, as being repugnant to section 57 of article 5 of the Constitution of Oklahoma.

**3. Same—Former Law Prescribing Speed Limit not Affected.**

The provision of chapter 76, Session Laws of 1927, which attempts to prescribe a speed of not to exceed 45 miles per hour for vehicles traveling over the highways of Oklahoma, being invalid, did not operate to repeal chapter 16, Session Laws of 1923, which provides a maximum speed of 35 miles per hour for motor vehicles.

Application of Sid Masters for writ of habeas corpus, to secure his release from custody of the sheriff of Oklahoma County. Application for release denied.

Sam S. Gill, for petitioner.

J. K. Wright, Co. Atty., and L. W. Harrod and R. P. Hill, Assts. Co. Atty., for respondent sheriff.

PER CURIAM. The petitioner herein, Sid Masters, seeks, by writ of habeas corpus, to procure his release from the custody of Ben B. Dancy, sheriff of Oklahoma county, where he is held by virtue of a commitment issued out of the justice court of George H. Giddings, Jr., a justice of the peace for the Oklahoma City district of Oklahoma county. A complaint was filed in the said court, charging the petitioner with the crime of operating a motor vehicle at an excessive rate of speed upon a public highway, it being alleged that petitioner was driving at a rate of speed in excess of 35 miles per hour, to wit, 40 miles per hour. Petitioner refused to plead to the complaint filed against him, whereupon the justice of the peace entered a plea of "not guilty" in his behalf, and fixed bond in the sum of $50 cash bond, or $100 property bond. Petitioner defaulted in the making of said bond, and was committed to the county jail.

As grounds for his release from custody, the petitioner urges that chapter 76, Session Laws of 1927, page 115, being House Bill No. 124, passed by the Eleventh Legislature of the state of Oklahoma, provides that the speed limit shall not exceed 45 miles per hour, and that since petitioner was driving only 40 miles per hour, he has violated no law, and is, therefore, illegally restrained of his liberty. The question to be determined is, whether or not the act above referred to had the effect of repealing chapter 16, Session Laws of 1923, which provides a speed limit of 35 miles per hour, or whether such act is still in effect.

Chapter 76, Session Laws of 1927, under which petitioner seeks release, reads as follows:

"An act amending section 10164, Compi'ed Oklahoma Statutes 1921, relating to rules of the road, fixing a penalty for violation of the same. repealing all acts or parts of acts in conflict therewith.

"Be it Enacted by the People of the State of Oklahoma.

"Section 1. Section 10164, Compiled Oklahoma Statutes 1921, is hereby amended to read as follows:

"'Section 10164. Rule 1. Vehicles in meeting each other shall keep to the right of the center of the road.

"'Rule 2. All vehicles overtaking others shall, in passing, keep to the left of the center of the road and shall not pull over to the right until entirely clear of the vehicle passed.

"'Rule 3. All vehicles turning to the right into another road shall turn the corner as near the curb as practicable.

"'Rule 4. All vehicles turning to the left into another road shall pass around the center of the intersecting road before turning.

"'Rule 5. All vehicles crossing from one side of the street to the other shall do so by turning to the left, so as to go in the same direction as the traffic on each side of the street.

"'Rule 6. All motor vehicles before passing other vehicles from the rear shall give notice of approach by a horn or other signal before passing; provided, that said vehicle shall be required when signalled to turn to one side and give half the road.

"'Rule 7. At intersecting roads or streets, vehicles approaching from the right shall have right of way over those approaching from the left. United States mail, fire apparatus, ambulances, police patrols and vehicles of physicians, when plainly designated, shall have the right of way in any street or road and through any procession.

"'Rule 8. No person shall drive or operate a motor vehicle upon or over any road or highway of this state with the cut-out open, or with exhaust pipe disconnected from muffler.

"'Rule 9. No person shall drive or operate any motor vehicle upon or over any road or highway of this state which has attached thereto any spot light.

"'Rule 10. Be it further provided that when a motor vehicle is brought to a stop on a hard-surfaced highway the left side of the motor vehicle must be to the right of the center of said highway at least three feet.

"'Provided, speed limit shall not exceed 45 miles per hour.'

"Section 2. Any person violating the provisions of section 1 of this act shall be guilty of a misdemeanor, and upon conviction thereof shall be punishable by a fine of not less than five ($5.00) dollars, nor more than twenty-five ($25.00) dollars.

"Section 3. All acts or parts of acts in conflict herewith are hereby repealed."

Section 10164, which is sought to be amended by the act quoted above, is identical with section one of said act down to and including Rule 7. In the original section 10164, Rule 8 was the penal section. The amendment sought to be made to the said section consists of Rules 8, 9, and 10, and the paragraph immediately following Rule 10, but in a separate paragraph, which reads, "Provided, speed limit shall not exceed 45 miles per hour."

Section 10164. Comp. Stat. 1921, which is sought to be amended by said chapter 76, Session Laws of 1927, was originally enacted as section 11, of article 6, chapter 173, House Bill No. 187, Session Laws of 1915, and was the first legislative expression upon the question here involved. In 1923, the Legislature passed an act (chapter 16, Senate Bill No. 26, Session Laws of 1923), providing that no person should operate a "motor vehicle," as defined in section 1 thereof, at a rate of speed in excess of 35 miles per hour. The term "motor vehicle" was defined by said acts as meaning all vehicles propelled otherwise than by muscular power, except vehicles operated upon stationary rails or tracks. This bill was approved March 28, 1923. At the same legislative session (1923), another act was passed (chapter 194, House Bill 275, Session Laws of 1923), regulating speed of trucks and vehicles other than passenger-carrying vehicles according to their gross weight. This bill was approved April 9, 1923, subsequent to the passage of chapter 16, supra.

The question arising here is, therefore, Did the provision immediately following "Rule 10" of chapter 76, Session Laws of 1927, attempting to declare a maximum speed limit of 45 miles per hour, and section 3 of said act, which is a general repealing clause, have the effect of repealing the said chapter 16, which provided that motor vehicles should not travel over the highways of this state at a rate of speed in excess of 35 miles per hour?

Section 57 of article 5 of the Constitution of Oklahoma provides:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * * and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length; provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

In Pottawatomie County et al. v. Alexander, County Assessor, 68 Okla. 126, 172 Pac. 436, this section of the Constitution was applied in a very illuminating opinion by Chief Justice Sharp. Paragraph 1 of the syllabus reads:

"An act to amend a particular section of a general law is limited in its scope to the subject-matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates."

And, in the body of the opinion, the court quoted with approval the following language of the Supreme Court of Illinois, in Dolese v. Pierce, 124 Ill. 140, 16 N. E. 218:

"An act to amend certain sections of a general law is limited in its scope to the subject-matter of the section proposed to be amended. In such case, the introduction of any new substantive matter not germane or pertinent to that contained in the original sections cannot be regarded as an amendment thereto, but must be regarded as independent legislation, upon a matter not embraced in the title of the act, and therefore void."

The question then arises, Was the provision with reference to speed germane to or embraced within the subject-matter of said section 10164, the section of the general law sought to be amended? Section 10164 was composed of eight "rules of the road," which prescribed rules for the conduct of persons driving vehicles over the state highways in the following instances: (1) When meeting each other; (2) when overtaking others; (3) when turning to the right into another road; (4) when turning to the left into another road; (5) when crossing from one side of the street to the other; (6) when passing other vehicles from the rear. Rule 7 gave certain vehicles right of way over others, and Rule 8 was the penal clause. Thus, it will be observed, the said section did not attempt to prescribe or regulate the rate of speed at which vehicles might travel. The Legislature itself recognized that the subject of the speed of vehicles had not been dealt with, and, in 1923, passed two special acts with regard to such matter.

We have seen, under the holding of this court in Pottawatomie County v. Alexander, supra, that only those amendments are effective which change, modify, or enlarge the provisions with reference to which the subject of the original section relates. Thus, it was undoubtedly within the power of the Legislature, by amendment, to change, modify, or enlarge any of the "rules of the road"

above enumerated in section 10164, since that would be clearly legislation relating to and germane to the subject matter of the section sought to be amended. From reading the cited case, however, the conclusion is inescapable that no authority existed for the incorporation in the said section, under the guise of an amendment, of a provision regulating the speed of vehicles, when the Legislature, in enacting the said section in the first instance, made no attempt to legislate with regard to such a subject-matter. The term "amendment" itself indicates a change or correction of the thing sought to be amended. This being true, it cannot logically be contended that the provision of the act under consideration was an 'amendment," for there was no provision in the section sought to be amended which in any manner attempted to regulate the speed of vehicles. There being no provision regulating the speed of vehicles contained within the original section, there was nothing upon this subject to amend.

It appears so plain as to admit of no controversy that the subject of the speed of vehicles was not embraced in the subject-matter of the section here attempted to be amended. This being true, it follows that the attempt to regulate the speed of vehicles by the insertion of the language here under consideration cannot be regarded as an amendment to the said section, but must be regarded as independent legislation, upon a matter not embraced within the title of the act and therefore void, as being repugnant to section 57 of article 5 of the Constitution of Oklahoma, quoted supra.

The attempt to regulate the speed of vehicles by the passage of chapter 76, Session Laws of 1927 (House Bill 124, Eleventh Legislature), being invalid and void, it follows that the same did not operate as a repeal of the provisions of chapter 16, Session Laws of 1923, which provides a maximum speed of 35 miles per hour for motor vehicles when traveling over the highways of this state: but the said chapter 16, Session Laws 1923, is in full force and effect as the law of Oklahoma relative to the speed of such vehicles. The petitioner, if traveling at the rate of 40 miles per hour, as charged in the complaint, was, therefore, guilty of a violation of the said statute limiting the speed of motor vehicles to 35 miles per hour.

The prayer of the petitioner, that he be discharged, is, therefore, denied, and he is remanded to the custody of the sheriff of Oklahoma county, there to be held in ac-

cordance with the terms of the commitment issued out of the justice court.

HUNT, J., absent.