## Ex parte T. A. FREIE.

No. A-6923. Opinion Filed Feb. 9, 1929.
(274 Pac. 684.)

Clarence Mills, for petitioner.

Edwin Dabney, Atty. Gen., and Wm. L. Murphy, Asst. Atty. Gen., for respondent.

EDWARDS, P. J. This is an original proceeding in habeas corpus. The petitioner is charged in the county court of Oklahoma county with driving an autombile upon the public highways on March 2, 1928, without having a tag for the current year displayed thereon. For failure to give bail he was committed to the county jail, and has filed this proceeding, contending that the doing of the act charged, at the time charged, is not a violation of law. The case involves a determination of certain provisions of our law, which for convenience we shall term the motor vehicle law. The petitioner and the respondent, represented by the Attorney General, have orally argued the question involved, and have filed briefs, and urge that this court determine the questions presented.

The petitioner first contends that the act or acts charged do not constitute a crime, and that no prosecution will lie.

In considering the motor vehicle laws, we are mindful of the fact that the statute provides for both criminal and civil penalties. Section 177, Comp. Stat. 1921, forbids a merger of civil and criminal remedies. Various provisions of this law define offenses, and it is with these we are concerned here. State v. Shafer, 15 Okla. Cr. 610, 179 P. 782.

The parent act of the Motor Vehicle Law is chapter 290, Session Laws 1919. There had been a motor vehicle law prior to that time, but with the act of 1919 all prior acts were repealed. Section 1 of this act, now section 10129, Comp. Stat. 1921, among other things, provides: "* * * And * * * provided further, that the driver or operator of any such motor vehicle shall, in the absence of having a legal tag attached to his motor vehicle, as provided herein, have in his possession such duplicate hereinbefore mentioned, and shall display and exhibit such duplicate upon demand by any person authorized to inquire for same; and, provided further, that no motor vehicle as defined herein shall be entitled to use the public highways of this state unless such motor vehicle has attached thereto such tag as provided herein, or unless the driver or operator shall have in his possession a duplicate of his application as provided herein. * * *"

By section 5 of the act, said section, now section 10133, Comp. Stat. 1921, the tag is described and mentioned, and it is provided: "* * * Such identification plate bearing the date of the current year."

Also by the terms of section 3 of the act, said section becoming section 10131, Comp. Stat. 1921, it is provided that the license plate shall be renewed annually. And by section 7 of the act (section 10135, C. O. S. 1921), it is provided: "Any person, firm, association or corporation failing to comply with the provisions of this act shall be deemed guilty of a misdemeanor and on con-

viction thereof, shall be subject to a fine of not less than twenty-five ($25.00) dollars, nor more than one hundred ($100.00) dollars:" etc.

Section 6 of the act of 1919, which became section 10134 of Comp. Stat. 1921, as amended by section 2, c. 130, Session Laws 1925, in some of its provisions approaches somewhat closely the provisions of section 10129, above mentioned. It is our opinion that section 10134, as amended, is intended to prohibit the use of a car on the highways without displaying the number plate assigned to it by the department of highways; that is, it prohibits the operation of a motor vehicle which does not display a license plate when one has been assigned to it, or which displays a license plate other than the one assigned to it. It will be noticed also that this latter section provides a different penalty than that provided for other violations of the motor vehicle law; that is, by section 1, c. 290, of the Laws of 1919 (section 10129, C. O. S. 1921), it is a violation of the law to operate a motor vehicle on the public highway without displaying thereon a current year's license tag. By section 6, as amended, it is a violation of law to operate such a vehicle upon the public highway without displaying the license plate assigned to it, or by displaying the wrong license plate.

It is necessary then to determine when a prosecution, under section 1, may be instituted. By section 3 of the act (section 10131, Comp. Stat. 1921), it is provided: "Such registration shall be renewed annually in the same manner as provided for in original registration, such renewal to take effect on the first day of January of each year and if an application for registration, accompanied by the necessary fee, is not filed with the department of highways on or before January 31st of each year the same shall be declared delinquent and the owner or operator of such vehicle held liable to

prosecution under the provisions of this act on and after such date."

Section 3, above quoted, it will be seen, allowed a period of grace, and, in effect, prohibited a prosecution for any offense defined therein until on and after February 1, of each year. This section, however, was amended by section 1, c. 167, Session Laws 1925. In this amendment the period of grace was omitted, and the registration was due on January 1 of each year, in so far as the criminal penalties were concerned. It was again amended by section 1, c. 116, Session Laws 1927, by this proviso: "And if an application for registration, accompanied by necessary fee, is not filed with the department of highways on or before March 1st, of each year, the same shall be declared delinquent and the owner or operator of such vehicle held liable to prosecution as provided for by law. * * *"

By this proviso the Legislature again provided a period of grace, during which prosecutions for acts, denominated crimes by the motor vehicle law, could not be prosecuted. The acts complained of in this case having been committed on March 2, after the expiration of the period of grace, they constitute a crime, and may be prosecuted as such. The penalty is fixed by section 7, c. 290, of the Laws of 1919, above quoted, at a fine of not less than $25, nor more than $100. This section was amended by section 1, c. 102, Session Laws of Oklahoma 1921 (section 10135, C. O. S. 1921). This amendment, however, does not vary the criminal penalty, the primary change being the granting of authority to the state highway department to issue a tax warrant for the collection of the tax. It is true that in this amendment the term "taxes and fines" is used. This remedy to collect by tax warrant is cumulative, and, if the fine is not paid, the person fined may be required to discharge the same by confinement in jail.

In the course of the oral argument, and in the briefs, the attention of the court has been directed to chapter 76, Session Laws 1923-24, and the contention is made that the provisions of that chapter forbid a prosecution prior to April 1st of any year. In our judgment, this chapter provides a means for the collection of the tax or license fee, and provides a civil penalty in the event of delinquency. The substance of the act is that, if the tax or fee is not paid on or before March 31 of the current year, a penalty of 10 cents per day shall be added, such civil penalty not to exceed the amount of the tax. In the event the tax and penalty is not paid before the first day of August each year, it is provided that the sheriff shall seize and sell the vehicle on which the tax is delinquent, and provides for the application of the proceeds. This civil penalty is separate and distinct from the offense and the criminal penalties above referred to.

The second proposition argued by the petitioner is: That portion of the act of 1927 making the tax delinquent on March 2, and declaring that an offender shall be prosecuted, is unconstitutional, illegal and void, being in contravention of article 5, § 57, of the state Constitution. Under this proposition, petitioner contends that the proviso creating the period of grace contained in section 1, c. 116, Session Laws of Oklahoma 1927, is unconstitutional and null and void, because, in the title to such chapter, reference is made to the amendment of a certain specific section of law, and that such proviso is in fact not an amendment to such stated section, but to chapter 76, Session Laws 1923-24. This contention we think is not tenable. By section 3, c. 290, Session Laws 1919, a period of grace from criminal prosecution was provided for. Such section became section 10131, Comp. Stat. 1921. Such section was amended by section 1, c. 167, Session Laws 1925, and, in effect, the period of

grace or extension of time was dropped. The pertinent part of the title of chapter 116, Session Laws 1927, is as follows: "An act amending section 10131, of the Comp. Stat. 1921, as amended by section 1 of chapter 167, of the Session Laws of Oklahoma, 1925, * * * relating to the registration and licensing of motor vehicles. * * *" Here it can be seen that the amendment in the 1927 law amends no provision of law, except the original section 3, c. 290, Session Laws 1919, which, as stated, became section 10131, Comp. Stat. 1921, and section 1, c. 167, Session Laws 1925, and in such provision of law a proviso of a similar nature was contained. Such proviso, in regard to the extension or elimination of time, applied only to criminal prosecutions and criminal penalties.

Nowhere in the title of chapter 116, Session Laws 1927, nor in the body of the act, does it refer to chapter 76, Session Laws 1923-24, or to any civil penalties. The proviso itself refers, as the original proviso did, to "prosecutions." The petitioner, in this regard, relies upon Pottawatomie County v. Alexander, 68 Okla. 126, 172 P. 436. In that case, in the title to the act under consideration, it was specifically stated that the act amended section 3 of a certain enactment, when in reality the act amended section 16; the Supreme Court very properly declared the amendment to be unconstitutional, because it did not come within the title. In Ex parte Masters, 126 Okla. 80, 258 P. 861, also cited, the law (Laws 1927, c. 76), authorizing speed on the public highways to be at a rate of 45 miles an hour, was declared unconstitutional, because the title to the act stated that same was an amendment to section 10164, Comp. Stat. 1921, when as a matter of fact the amendment was to chapter 16, Session Laws 1923. This condition does not exist here. The title in question mentions the specific provision of law which is being amended, and the amendments there-

to. The proviso is a matter which from the time of its origin had been included in the particular section.

The third proposition urged by petitioner is as follows: "An act making it criminal and a subject of imprisonment for failure to pay tax or license is unconstitutional, illegal, and void, being inhibited by article 2 of section 13 of the Bill of Rights, which prohibits imprisonment for debt, except for nonpayment of fines and penalties imposed for the violation of law."

Under this proposition, petitioner urges that the tax or fee in question is an ad valorem tax. The act in question (section 1, c. 116, Session Laws 1927) provides: "* * * The registration imposed by this article upon motor vehicles other than those of manufacturers and dealers shall be in lieu of all taxes general or local to which motor vehicles may be subject as personal property under the laws of this state." Rather than being an ad valorem tax, it would appear that the Legislature has levied what is known as a license fee or license tax, and that, by the provision above quoted, such fee is in lieu of the usual ad valorem tax.

The Supreme Court of this state in Ex parte Shaw, 53 Okla. 654, 157 P. 900, in discussing the motor vehicles law, said: "The act in question is not an attempt by the Legislature to levy taxes for local purposes. Rather it is an exercise by the Legislature of the police power of the state in the exaction of a registration fee or privilege tax in the nature of compensation for damages done to the roads of the state by driving an automobile over them."

The petitioner in this case is not charged with a failure to pay the license tax, but, on the contrary, is charged with a violation of the statute under which the act, alleged to have been committed by him, has been designated as criminal. The regulation of the operation of motor vehicles upon the public highway is a valid exer-

cise of the police power. It is a matter of common knowledge that vast sums of money are being expended by the state and its subdivisions in improving the public highways, and it is extremely important under the condition of travel at this time that motor vehicles be so marked that identification can be readily made. The Legislature may provide the conditions upon which persons owning or operating motor vehicles may use the public highways, and may provide for fine and imprisonment for violating the regulations made, and that is all the particular sections of the statute in question do. With this view of the law, it is unnecessary that we determine whether or not the license tax provided is a debt within the meaning of our Constitution.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.