## H. A. PRUITT v. STATE.

No. A-6870.   Opinion Filed May 17, 1930.
(288 Pac. 390.)

Sigler & Jackson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of being engaged in the wholesale business of buying green, raw, and uncured skins of fur-bearing animals, without his having first applied to the Fish and Game Warden and received a license to engage in such business, and was sentenced to pay a fine

of $25 and costs of the prosecution. From which judgment the defendant has appealed to this court.

There is no controversy about the facts in this case; the defendant admits he bought two opossum hides from a party, and at the time he bought the hides he had not applied to the Fish and Game Warden and received a license to engage in said business.

The defendant assigns four errors alleged to have been committed by the trial court, all of which relate to the act under which the defendant was prosecuted, and the defendant argues that the act under which he was convicted is unconstitutional and void, for the following reasons. That it is an unreasonable and arbitrary act, and that it requires the defendant to dispose of all hides he buys before February 10th of each year; and makes it a crime for him to have in his possession any hide after February 10th.

The defendant further contends that said act violates section 2, of the Bill of Rights, which section provides that:

"All persons have the inherent right to life, liberty, the pursuit of happiness, and the enjoyment of the gains of their own industry."

That the said act is unconstitutional because the title of the bill is not broad enough to cover dealers in hides; also, that the act violates section 57, art. 5, of the Constitution of the state, which section of the article provides that:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes," etc.

The only question to be decided in this case is: Is the act under which the defendant was prosecuted unconstitutional? It is not disputed by the defendant that the Legislature had the right to pass the act under consideration, the contention of the defendant being that in passing the said act the title to the same is not broad enough to cover the offense charged against the defendant, and that the said act embraced more than one subject. The title to the act under which the defendant was prosecuted, found on page 53, c. 35, of the Session Laws 1927, is as follows:

"An Act relating to fish, game and fur-bearing animals; providing for the taking, keeping, propagating and protection thereof, for open and closed seasons thereon, for licenses in relation thereto, defining crimes and penalties, and repealing previous laws."

The defendant is prosecuted under section 12, of the said act, which is as follows:

"No person shall engage in the wholesale business of buying green, raw, cured or uncured hides or skins of fur-bearing or predatory animals as defined by this act, without first applying to the State Fish and Game Warden, and upon the payment of a license fee of $25, and receiving a license to engage in such business. Such license shall be good for the current year issued and shall expire on the 10th day of February of each year. Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction shall be fined in the sum of not less than $25 nor more than $100."

The title to this act is general with reference to fish, game, and fur-bearing animals, and as to the subdivision of the title, we have the words, "for licenses in relation thereto," and defining the crimes and penalties. Every legislative act is presumed to be constitutional, and the court

should not declare any act to be unconstitutional, unless it is clearly so. If there is any doubt the expressed will of the Legislature should be sustained. Ex parte Hunnicutt, 7 Okla. Cr. 213, 123 Pac. 179; State v. Wheatley, 20 Okla. Cr. 28, 200 Pac. 1004.

In Haggerty et al. v. St. Louis Ice Manufacturing & Storage Co., 143 Mo. 238, 44 S. W. 1114, 40 L. R. A. 151, 65 Am. St. Rep. 647, is an able discussion of a law similar to the one in this case, and in that case the court held adversely to the contention of the defendant in this case.

In Re John Powell, 6 Okla. Cr. 496, 120 Pac. 1022, in the first paragraph of the syllabus, the court held:

"(a)   It is not necessary for the title to an act of the Legislature to embrace an abstract of its contents. It is sufficient, if the title contains a reasonable intimation of the matters under legislative consideration, to state the subject of the bill in general terms, and with fewest words. in accordance with the general custom to which the framers of the Constitution intended the Legislature to conform.

"(b)   When there are numerous provisions having one general object, the title is sufficient if it fairly indicates the general purpose of the act. The details providing for the accomplishment of such purpose are to be regarded as necessary incidents.

"(c)   All the provisions of this act are for one object only—the care of delinquent and dependent children, as expressed in the title."

In the body of the opinion the court held that the law was not invalid because the title did not state it created a juvenile court and probation officer, as both the juvenile court and probation officer were essential to the care of neglected and dependent children; the title to said act being:

"An act to define dependent, neglected and delinquent children, and to regulate the treatment, control and custody thereof by county courts."

This court has held that the constitutional provision should receive a broad construction, and that the courts should not declare the act unconstitutional unless it is clearly so. If a doubt exists, the act of the Legislature should be sustained. It is a well-settled rule of all courts that statutes are entitled to presumptions which favor their constitutionality. Bishop v. City of Tulsa, 21 Okla. Cr. 457, 209 Pac. 228, 229, 27 A. L. R. 1008.

Where the statute is subject to two constructions, one conforming to, and the other controverting, the Constitution, courts will adopt that construction which conforms to the Constitution. Ex parte Hunnicutt, supra; Ivey v. State, 112 Ga. 175, 37 S. E. 398; State ex rel. Fortier v. Capdevielle, 104 La. 561, 29 So. 215.

We have carefully read the brief of the defendant, and the authorities cited therein, and we cannot agree with the defendant's contention with reference to the bill in question containing more than one subject.

We hold that the statute under which the defendant was tried and convicted is not in violation of the Constitution of the state of Oklahoma.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.