## STATE v. JUNEY NEALY.

No. A-7702. Opinion Filed Feb. 7, 1931.
(296 Pac. 510.)

64

J. Berry King, Atty. Gen., and Ed. Waite Clark, Co. Atty., for the State.

L. V. Orton, for defendant in error.

DAVENPORT, P. J. This is an appeal by the state from a ruling of the county court of Pawnee county holding that the statute under which the defendant was informed against is unconstitutional, for the reason that the charge brought against the defendant is not sufficiently stated in the title of the act.

The defendant, by information, was charged with willfully, knowingly, and unlawfully purchasing certain articles, to wit, junk brass, from Clifford Owens, a minor under the age of seventeen years, without having first obtained the consent in writing of the parents or guardian of the said minor, Clifford Owens. The defendant, before the case was called for trial, filed a motion to quash the information, and set aside the same for the following reasons:

"That the law under which this prosecution is started, in so far as the offense charged is concerned, is unconstitutional because it is not clearly expressed in the title of the act; the Act being chapter 150 of the Session Laws of 1917; the title of said act in no place mentioned anything about the purchasing of any junk from a minor, and

the punishment clause, being section 2 of the act, does not have any reference to any punishment for a person buying junk from a minor.

"That section 57 of article 5 of the state Constitution has been clearly violated and is not followed.

"That the information does not charge a public offense or state sufficient facts to constitute the violation of any law of the state of Oklahoma,"

—which motion was sustained, and the state has appealed.

The only error assigned by the state is:

"Said court erred in sustaining a motion to quash the information herein and in quashing the information herein."

Section 57, art. 5, of the Constitution of the state of Oklahoma, provided as follows:

"Acts to Embrace One Subject—Amendments. Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * *"

The information in this case is based upon the following language contained in chapter 150 of 1917 Session Laws, Senate Bill No. 251, and now embodied in sections 1954 and 1955, C. O. S. 1921. It is the last proviso of section 1 of this act that is in question in this case, and that proviso reads as follows:

"Provided further, that it shall be unlawful for any junk dealer, as defined in this act, to purchase articles mentioned herein from minors without having first obtained the consent, in writing, of the parents or guardian of such minor. "

The title to the act in which the proviso quoted is embodied is as follows:

"An act requiring all persons, firms and corporations carrying on the business of buying brass, copper, iron, rubber and leather belting, plumbing, or electric fixtures, burlap or bags of any material, tools, machinery or supplies commonly used in the drilling, completing, operating or repairing oil or gas wells commonly known as 'Junk Dealers' to keep a record of all purchases in detail open to inspection and the keeping of such property on display open to inspection for 15 days; prescribing penalties for violation thereof and declaring an emergency."

A careful examination of the title shows there is nothing in the title to the act that comes anywhere near covering the proviso under which this defendant is charged. Nowhere in the title do the words "minor, parent, or guardian, or consent" appear. In fact, there is no mention in the title with reference to purchasing from a minor. The Supreme Court of the state has often passed upon section 57, art. 5, of our Constitution, supra. A well-considered case is that of the State ex rel. Short, Attorney General, v. Johnson et al., 90 Okla. 21, 215 Pac. 945, 947, in which the court said:

"That the foregoing provision [referring to that part of the Constitution] has a definite purpose in our organic law is clearly apparent, and the purpose of such provision is by no means new to our jurisprudence. Most every state has a similar provision in its Constitution; many have the identical provision; and none but what have some provision looking toward the same purpose. Hence, as its necessity is so generally recognized, its purpose should not be lightly treated. The primary purpose of such provisions has long been recognized, defined, and settled.* * *

"Hence such a provision has both a definite and wholesome purpose. In fact, from the number of states which have a similar provision and from the vast number of cases wherein such provision has been called upon in determining the validity of a statute, it may now be said to

be universally recognized as a necessary limitation upon legislative bodies"—citing many cases thereafter.

After again quoting from that section of the Constitution, "has a fixed and definite purpose extending beyond the legislative body itself to the people, unto whom is reserved the supreme legislative power. Hence there was a reason why the framers of the Constitution were not content with the words 'shall be expressed in the title,' or 'shall be described in the title,' etc., ordinarily used by other states, but, in order to emphasize the importance of this provision, used the words 'shall be clearly expressed in the title.'" Ex parte Masters, 126 Okla. 80, 258 Pac. 861.

The title of the act in question does not mention one word or syllable about buying junk brass or anything else from a minor. The only description in the title to the act is, "When a junk dealer buys articles, he shall keep a record of his purchases, and keep the property on display for a certain length of time."

It is true there is a long line of cases holding that a liberal construction should be applied to the acts of the Legislature and constitutional provisions in determining whether or nor such enactments violate constitutional provisions, and, when the constitutional acts of the Legislature show a clear conflict, the court should hold them invalid.

The provision of the Constitution as applied to that part of the act in question in this case has been carefully and liberally construed, and we hold that it is unconstitutional.

The judgment of the trial court is affirmed.

EDWARDS and CHAPPELL, JJ., concur.