**Randy Allen GUINN, Petitioner,**

v.

**Gladys RIVERS, Court Clerk, Kingfisher County, Oklahoma, Respondent.**

**No. O–76–814.**

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1977.

John Connolly, Oklahoma City, for petitioner.

Richard L. Dugger, Dist. Atty., 2nd Judicial District, State of Oklahoma, for respondent.

## MEMORANDUM OPINION

BLISS, Judge:

Petitioner filed an original proceeding in this Court on the 26th of October, 1976, requesting a Writ of Mandamus issue directing the Respondent to transfer Cases Nos. CRF–75–51, CRF–75–52 and CRF–75–53, pending in the Kingfisher County District Court to the Custer County District Court for disposition with Case No. CRF–76–21, which is pending in the Custer County District Court. Pursuant to this Court's order of the 26th of October, 1976, Case No. O–76–814, oral arguments were presented in this Court on the 8th of November, 1976, whereafter on the 10th day of November, 1976, this Court entered an order denying the petition for Writ of Mandamus and therein noting that a formal Opinion upon the matter would be subsequently filed.

The central issue raised in the instant case is whether or not The Uniform Disposition of Criminal Cases on the Merits Act,[1] 22 O.S.Supp.1976, § 1145.1, et seq., is applicable when only intrastate criminal proceedings are involved.

The Petitioner alleges he entered a plea of guilty in the Custer County District Court, Case No. CRF–76–21, sometime prior

1. "§ 1145.1 Short title. This act shall be known and cited as 'The Uniform Disposition of Criminal Cases on the Merits Act.'
"Title of Act:
An Act relating to Criminal procedure; providing a short title; declaring a purpose; defining terms; providing that the State of Oklahoma may, if the accused so desires, dispose of a criminal charge pending against the accused, in another state; providing exceptions; providing procedures, rules and regulations; and declaring an effective date.
"§ 1145.2 Purpose of act. The purpose of this act is to allow the activities of an individual to be dealt with in one court at a time, no matter where the activities occurred, to the end that society may be afforded retribution for offenses against it and that the rehabilitative process can immediately begin.
"§ 1145.3 Definitions. In this act, unless the context requires otherwise:
1. 'Asylum state' means that state in which the defendant is located;
2. 'Demanding state' means that state, other than Oklahoma, in which the accused is charged with committing criminal acts;
3. 'Prosecuting attorney' means the attorney of the county, parish or district, state or federal, wherein charges are filed; and
4. 'Jurisdiction' means geographic division or subdivision in which such prosecuting attorney has responsibility.

"1145.4 Disposal of criminal charge at request of defendant. On request of the defendant and consent of the prosecuting attorney in the demanding state and the prosecuting attorney in the asylum state, the trial court of general jurisdiction or such other court having appropriate jurisdiction in the asylum state may dispose of the offense or offenses set out in the complaint, indictment or information or other equivalent pleading of the demanding state, and an exemplified copy of the judgment of the asylum state shall constitute a judgment on the merits when filed in the case in the courts of the demanding state.
"1145.5 Relief available—Effect of judgment—Act as supplemental. All relief available in the courts of the demanding state and in the courts of the asylum state shall be available to the court of the asylum state in rendering its judgment and satisfaction of the judgment of the asylum state shall constitute a complete satisfaction of the judgment of the demanding state and the judgment so rendered may be enforced in either state.
"This act is supplemental to and not in substitution for the provisions of the agreement on detainers, including but not limited to sentencing, incarceration, probation, orders for restitution, suspension and enhancement of sentence.

to the 18th of October, 1976. While awaiting sentencing in that case the Petitioner had three other felony charges pending against him in the Kingfisher County District Court, Cases Nos. CRF–75–51, CRF–75–52 and CRF–75–53, all of which were set for jury trial on the 18th of October, 1976. On that day Petitioner sought to have the Kingfisher County cases transferred or removed for disposition to the Custer County District Court by filing pleadings and documents purportedly required by the Uniform Act[2] for such a transfer. The Court Clerk of Kingfisher County refused to transfer the cases for the reason that the District Judge of Kingfisher County would not acknowledge the transfer.[3] Thereafter, on the 26th day of October, 1976, Petitioner filed the instant original proceeding in this Court.

"1145.6 Procedures, rules and regulations.

A. A defendant arrested or held in a state or district other than that in which the indictment or information is pending against him may state in writing that he wishes to plead guilty, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the jurisdiction or district in which he was arrested or is held, subject to the approval of the prosecuting attorney for each jurisdiction. Upon receipt of the defendant's statement and of the written approval of the prosecuting attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof, to the clerk of the court for the jurisdiction in which the defendant is held and the prosecution shall continue in that jurisdiction.

B. A defendant arrested on a warrant issued upon a complaint in a jurisdiction other than the county, parish or district of arrest may state in writing that he wishes to plead guilty, to waive trial in the jurisdiction in which the warrant was issued and to consent to disposition of the case in the jurisdiction in which he was arrested, subject to the approval of the prosecuting attorney for each jurisdiction. Upon receipt of the defendant's statement and of the written approval of the prosecuting attorneys, the court of limited jurisdiction shall certify and transmit the records in the case to the court of general jurisdiction, and, upon the filing of an information or the return of an indictment, the clerk of the court for the jurisdiction or district in which the warrant was issued shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the jurisdiction or district in which the defendant was arrested and the prosecution shall continue in that jurisdiction or district. When the defendant is brought before the court to plead to an information filed in the jurisdiction or district where the warrant was issued, he may at that time waive indictment and the prosecution may continue based upon the information originally filed.

C. A juvenile who is arrested or held in a jurisdiction or district other than that in which he is alleged to have committed an act in violation of a law of a state or of the United States not punishable by death or life imprisonment may, after he has been advised by counsel and with the approval of the court and the prosecuting attorney, consent to be proceeded against as a juvenile delinquent in the jurisdiction or district in which he is arrested or held. The consent shall be given in writing before the court but only after the court has apprised the juvenile of his rights, including the right to be returned to the jurisdiction or district in which he is alleged to have committed the act, and of the consequences of such consent.

D. For the purpose of initiating a transfer under this rule a person who appears in response to a summons shall be treated as if he had been arrested on a warrant in the jurisdiction or district of such appearance.

"1145.7 Effective date. This act shall take effect January 1, 1973."

2. The instruments filed in the Kingfisher County cases included the defendant's statement, unverified, that he wished to plead guilty in said cases, and this statement was accompanied by consents to the transfer as reflected on supportive documents signed, although unverified, by the Assistant District Attorney for Kingfisher County and the District Attorney for Custer County.

3. The District Judge entered an order in the Kingfisher County District Court cases recognizing the Petitioner's belated attempt to transfer the cases, but prohibiting the transfer, and he further ordered that the bond in said cases be forfeited and a bench warrant be issued for Petitioner's arrest for failure to appear for jury trial.

It is urged upon the Court that the procedures, rules and regulations of the Uniform Act allow for the transfer of the Kingfisher County District Court cases to the Custer County District Court for disposition. Petitioner submits no authority in support of this position other than the literal reading of § 1145.6 B of the Uniform Act. See, fn. 1.

We are of the opinion that the Uniform Act is not applicable to intrastate criminal proceedings for the reason that a construction of the statute to be applicable to such proceedings would violate Art. V, § 57, of the Oklahoma State Constitution.[4]

 The constitutional requirement that a statute embrace but one subject which shall clearly be expressed in the title of the statute is mandatory. *State v. Nealy,* 50 Okl.Cr. 63, 296 P. 510. This constitutional proscription against plurality of subject refers only to the body of the act. *Ex parte Ambler,* 11 Okl.Cr. 449, 148 P. 1061.

 The title of the Uniform Act clearly is a purported abstract of the statute's contents although the title of the statute need not be an abstract of the statute's content so long as it reasonably reflects the matters involved. *Pruitt v. State,* 47 Okl.Cr. 334, 288 P. 390. The language of the title clearly provides that the State of Oklahoma may upon request of an accused dispose of a criminal charge pending against him in another state.[5] We do not find any reference or intimation of the principle now urged by the Petitioner; which is, the transfer of a criminal charge against an accused to a district in Oklahoma for disposition other than the district in which the information is pending in Oklahoma. Such an intrastate transfer simply is not within the subject matter expressed in the title. Further, we are of the opinion that such a procedure is not so clearly connected with the interstate procedure which is reflected in the title that it is incident thereto, thus alleviating the necessity for the inclusion of the intrastate procedure in the title. We, therefore, find that any reading of such an intrastate procedure to be included in the Uniform Act as is now urged upon this Court is improper and violative of the constitutional requirement set forth in Art. 5, § 57. Otherwise such a reading would render said provisions void.[6]

Therefore, the provisions of this Uniform Act are not applicable to criminal proceedings solely intrastate and therefore the Court Clerk, at the direction of the trial court, properly refused to transfer the cases

---

4. Art. 5, § 57, of the Oklahoma State Constitution reads as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

5. The constitutionality of such an interstate procedure or agreement is not at issue. We need not reach the propriety or authority of the courts of one state enforcing the criminal laws of another state or punishing for crimes committed solely in another state.

6. Our holding today does not reach the constitutionality of an intrastate procedure. We do observe the provisions of 22 O.S.Supp.1972, § 1145.6, are substantially patterned after Rule 20 of the Federal Rules of Criminal Procedure. The Federal Rule provides for a transfer from district to district in Federal Court cases similar to those contemplated in § 1145.6 of the Uniform Act. This procedure does have sound policy reasons. See, Commentary on Federal Rule 20, 8A Moore's Federal Practice (2nd ed. 1976). The application of such a procedure intrastate would relate to the venue of the prosecution and jurisdiction of the person, but not to jurisdiction of the offense. The right of an accused under Art. II, § 20, Oklahoma State Constitution, to have a criminal charge prosecuted in the County in which it is alleged to have been committed merely relates to venue and not to jurisdiction. See, *Application of Poston,* Okl.Cr., 281 P.2d 776. Also see, American Bar Association Minimum Standards for Criminal Justice, September, 1968, Sentencing Alternatives and Procedures, § 5.2 and Commentary and the Model Penal Code, § 7.05.

pending against the Petitioner in the Kingfisher County District Court.

BRETT, P. J., and BUSSEY, J., concur.