Aubrey **EPHRIAM**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–80–61.

Court of Criminal Appeals of Oklahoma.

June 8, 1981.

Gary Peterson, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Gary Hiltgen, Legal Intern, Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge.

Aubrey Ephriam appeals from a conviction in the District Court of Comanche County, Oklahoma, Case No. CRM–79–723, for the offense of Soliciting Prostitution and a sentence of one year imprisonment.

Otis Russell, a Lawton police officer working undercover, was approached by the appellant in the adult bookstore where the appellant was a clerk and asked by Ephriam to engage in illicit sexual intercourse with him for hire. The appellant then proceeded to unzip the officer's pants and grab his private parts. The officer left and returned with two other officers to arrest the appellant.

It is first argued that the uncorroborated testimony of one witness is insufficient to sustain a conviction for homosexual solicitation. However, *Landrum v. State*, 96 Okl.Cr. 356, 255 P.2d 525 (1953), held 21 O.S. 1971, § 1029 applies equally to both sexes. Further, there is no authority for the proposition that an act of solicitation requires corroboration no matter which gender is involved. Therefore, the first proposition of error is without merit.

The appellant next complains that because he was only charged with speaking certain words, those to solicit prostitution, he was merely exercising his right to freedom of speech guaranteed by the First Amendment to the United States Constitution. Therefore, he argues that statute which makes such speech a crime is unconstitutional. However, the United States Supreme Court has stated that oral utterances as well as the printed word have First Amendment protection until they collide with the long settled position of the Court that obscenity is not protected by the Constitution. *Kaplan v. U. S.*, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973). It is the sexual acts solicited by the spoken words that the Oklahoma statute prohibits. Thus, we find that the appellant was not denied the right to freedom of speech.

The third proposition of error alleges that the statute under which the appellant was convicted, 21 O.S. 1971, § 1029, is unconstitutional because it was enacted in a bill having a title which did not "clearly express" the bill's subject, as required by Article 5, § 57 of the Oklahoma Constitution.[1] The appellant argues that because solicitation per se was not actually mentioned in the title of the act although it is set forth in the act itself, the provision in the act should not be enforced. This Court has consistently held that the title of an act need not be an abstract of the statute's content as long as it reasonably relates matters involved. *Guinn v. Rivers*, 559 P.2d 864 (Okl.Cr.1977). Solicitation of prostitution is logically and reasonably related to aiding, abetting or participating in prostitution; we therefore find no merit in the appellant's argument.

Finally, it is argued that a one year jail term is unlawfully excessive. The punishment provided by 21 O.S. 1971, § 1029 for Solicitation of Prostitution ranges from thirty (30) days to one (1) year imprisonment. Because the appellant's sentence falls within the statute's limits, we do not

---

1. 21 O.S. 1971, § 1029(b) was originally passed during the 1943 Legislative Session as part of House Bill No. 39, found at 1943 Oklahoma Session Laws 83. The title of the bill is as follows: An Act providing penalties for aiding, abetting, participating in, or providing premises for prostitution or other lewd or indecent acts; and declaring an emergency.

find it to be excessive. *Kopecek v. State,* 567 P.2d 102 (Okl.Cr.1977).

The judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., dissents.