## TEXAS CO. et al. v. ROBERTS et al.

No. 21545. Opinion Filed Dec, 9, 1930.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

M. J. Parmenter, Leo J.· Williams, and J. Berry King, Atty. Gen., for respondents.

RILEY, J. On July 18, 1925, Roy Albert Roberts was blown off an oil derrick and sustained a crushed hip. The State Industrial Commission found that Roy Albert Roberts on said date sustained an accidental personal injury which arose out of and in the course of his employment with the Texas Company, respondent, and that the employment was hazardous, and that the injury was permanent and partial to the extent of 25 per cent., and that claimant's average wage was $4 per day. The award was at the rate of $15.39 per week for a period of 125 weeks, a total sum of $1,923.75.

The Texas Company, petitioner herein, contends that the Commission erred in computing the number of weeks of compensation and likewise erred in computing the amount of weekly compensation ordered to be paid. The petitioner contends that by reason of the 125 weeks' compensation allowed, the same being 25 per cent. of 500 weeks, the Commission computed the same under subdivision 1 of section 7290, C. O. S. 1921, as amended by chapter 61, S. L. 1923, which subdivision applies to permanent total disability. The record does not so show. If it did, the computation would be in error, for subdivision 3 of said section is the governing schedule for permanent partial disability. That subdivision specifies the amount of compensation for enumerated losses for a definite duration, and provides further for "other cases," into which classification falls all permanent partial disability cases for which schedule is not theretofore made. Such is the case at bar. The provision follows:

"Other Cases: In this class of disabil-

ties the compensation shall be 66 2/3 per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon the application of any party in interest."

It will be noted that in this class, compensation may be for a duration not to exceed 300 weeks, subject, however, to **reconsideration of the degree of such impairment.** Do the underscored words mean physical impairment or wage-earning capacity? And is wage-earning capacity to be measured by ability or lack thereof to perform work obtainable or to obtain work performable?

The Texas Company says in its brief: "There is no evidence to show how much he has been making since the injury," whereas claimant introduced evidence to show that· he was unable to obtain steady employment of a gainful nature for a period of more than two years after the injury, which would be more than 104 weeks, and approaching the 125 weeks allowed. The evidence shows some slight gainful employment during the period.

So we are presented a case wherein there is no substantial wage-earning capacity subsequent to the injury which otherwise should be deducted from the previous wage-earning capacity as a part of the calculation.

Impairment of wage-earning capacity, under a liberal interpretation is enjoined upon us by a settled policy of the law (McAlester Colliery Co. v. State Industrial Com., 85 Okla. 66, 204 Pac. 630; Thompson v. State Industrial Com., 138 Okla. 166, 280 Pac. 597), means not only inability to perform obtainable work, but also inability, on account of the impairment, to secure work to do. Gorrell v. Battelle, 93 Kan. 370, 144 Pac. 244.

Moreover, the very basis for compensation by the words of the statute, under the third subdivision, are "wage-earning capacity" and "degree of such impairment." Those phrases are not prefaced by the word "physical," even though accidental personal injury is the basis of compensation. The result is that any deprivation of power to earn wages as a workman as a result of the injury is "incapacity" within the meaning of the law.

The percentage of disability is immaterial as applied to permanent partial disability. It only becomes material when it is 100 per cent. or total, in which event it falls within

subdivision 1, with an allowable continuance not to exceed 500 weeks.

The final analysis is that, since claimant was permanently partially disabled, he was entitled to receive 66 2/3 per cent. of the difference between his prior average weekly wage ($24) and his subsequent wage-earning capacity (nil), which amount is $16, and for a duration not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment (wage-earning capacity) by the Commission on its own motion or upon the application of any party in interest.

Claimant does not appeal from the slight variance in the amount allowed and allowable, which no doubt was in view of small subsequent earnings.

The case of Fursman Coal Co. v. State Industrial Com., 105 Okla. 201, 238 Pac. 802, urged upon us, is not decisive of this issue. There, claimant refused work which he could perform, whereas claimant while 25 per cent. permanently incapacitated could secure no work to do.

Judgment affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, CULLISON, SWINDALL, HEFNER, and ANDREWS, JJ., concur.