## WISE-BUCHANAN COAL CO. v. RAY et al.

No. 22566.    Opinion Filed May 24, 1932.

198

J. W. Hinton and G. L. Bynum, for petitioner.

James H. Gordon, for receiver of petitioner.

Anton Koch, for respondent.

ANDREWS, J. This is an original proceeding to review an award made by the State Industrial Commission in favor of the respondent, who hereinafter will be referred to as the claimant.

The record shows that the claimant was employed by the petitioner; that he worked as a coal loader in its mines; that on January 14, 1930, he received an accidental personal injury; that the only way for the workmen to get out of the mines was to be hoisted therefrom on the cage on which coal was hoisted. that on the day of the injury the claimant finished his work and went to the shaft to be hoisted therefrom; that he attempted to step onto the cage; that the engineer hoisted the cage before the claimant was completely on it; that the claimant fell from the cage to the bottom of the shaft; that he received severe injuries; that he was furnished medical and hospital attention by the petitioner; that he was paid compensation from January 27, 1930, to February 14, 1931, at the rate of $18 per week; that on the last date the petitioner discontinued the payment of compensation to him; that he then filed a motion with the State Industrial Commission to determine the extent of his injury and for compensation, and that the State Industrial Commission made the award complained of.

After the cause had been filed in this court, the United States District Court for the Eastern District of Oklahoma appointed a receiver for the assets of the petitioner. The receiver filed herein a supplemental brief on behalf of the petitioner.

It is contended by the petitioner that the claimant is not entitled to compensation for the reason that his injury was the direct result of his willful and deliberate neglect to obey the rules and regulations adopted by the petitioner for the safety of its employees which had been approved by the State Mine Inspector. In support of that contention it cites section 7285, C. O. S. 1921, as amended by section 3, chapter 61, Session Laws 1923. By the provisions of that section an employee is entitled to com-

pensation for a disability resulting from an accidental personal injury which arose out of and in the course of his employment,

"* * * except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another, or where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commissioner. * * *"

It is not contended that the injury was within the first exception provided by the statute and there is nothing in the record from which any reasonable person could conclude that there was any willful intention on the part of the claimant to bring about an injury to himself or another. The petitioner contends that the injury to the claimant was within the second exception provided by the statute. There was some evidence tending to show that the injury to the claimant resulted directly from the willful failure of the claimant to use the protection against accident furnished for his use pursuant to the adopted rules of the mine, which had been approved by the State Mine Inspector, and it may be that the weight of the evidence was to that effect.

This court is not authorized to weigh the evidence in a proceeding to review an award of the State Industrial Commission. The claimant testified that before he started onto the cage, the cager told him to come right on, or words to that effect. That testimony was in conflict with the testimony of other witnesses. The determination of that conflict in the evidence was for the State Industrial Commission.

Whether or not the claimant willfully failed to use the protection against accident furnished for his use was a question of fact for determination by the State Industrial Commission, and the burden was upon the petitioner to show such a violation. It was so held in Wick et al. v. Gunn et al., 66 Okla. 316, 169 P. 1007, and in Gregory v. Oklahoma Operating Co., 139 Okla. 243, 282 P. 139.

In support of its contention that the injury did not arise out of and in the course of the employment, the petitioner cites the decision of this court in Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 P. 600. In that case this court held:

"Under Comp. Stat. 1921, sec. 7285, a compensable accidental injury must disclose from its circumstances the existence of two essential elements. It must have resulted 'in the course of' employment, and it must also have arisen 'out of' the employment. The absence of either of these essential elements destroys the application thereto of the beneficent provisions of the Compensation Law."

The rule of law therein stated is a correct one, but it must be applied with the rule of law stated by this court in Nash Finch Co. v. Harned et al., 141 Okla. 187, 284 P. 633, as follows:

"Whether or not an injury arose out of, and in course of employment is a question of fact, and where there is a conflict of evidence, the judgment and award of the Industrial Commission will not be disturbed by this court on review."

The petitioner relies, to some extent, on the decision in Lucky-Kidd Mining Co. et al. v. State Industrial Commission, supra. The decision in that case is not applicable to the facts shown by the record in this case. Therein the injured workman had left his place of employment and had gone into the mine to collect refuse timber which he intended to haul to his home for firewood, and at the time he was injured he was not engaged in any employment for his employer.

The petitioner contends that the State Industrial Commission did not make a finding of fact that would authorize it to make an award to the claimant for compensation for any definite or designated period after the 15th day of May, 1931. The award was for compensation from February 14, 1931, to May 15, 1931, the date of the hearing, "* * * and continue the payment of compensation at the rate of $18 per week from May 15, 1931, until the whole of 300 weeks has been paid, or until otherwise ordered by the Commission. * * *" The award for temporary total disability authorized by the provisions of section 7290, C. O. S. 1921, as amended by section 6, chapter 61, Session Laws 1923, shall not exceed 300 weeks, except as otherwise provided in the act. The finding of the State Industrial Commission that the claimant was temporarily totally disabled on May 15, 1931, is supported by some competent evidence reasonably tending to support the same. If the claimant was temporarily totally disabled on that date, the State Industrial Commission was authorized to make an award based on that temporary total disability. It had no jurisdiction to make an award therefor to continue "until the whole of 300 weeks has been paid," for it had no way of knowing how long the temporary total disability would continue. Had the award not been limited by the provision

200

contained therein, "or until otherwise ordered by the Commission," we would vacate it, but with that provision in the award, we construe it to be an award of compensation for temporary total disability from week to week. Such an award terminates when the total disability ceases, even though partial disability thereafter continues. Under that construction of the award we decline to vacate it.

There can be no question but that the claimant was seriously injured. That fact is admitted in the briefs of the petitioner. It was recognized by the petitioner in paying compensation for more than one year. The Commission found that the claimant was temporarily totally disabled and made an award based on that finding. The rule stated by this court in Christian v. Hanna, 144 Okla. 89, 289 P. 708, as follows:

"Under section 7294, C. O. S. 1921, as amended by section 7, chap. 61, S. L. 1923, it is not required that the order granting or denying an award to the claimant shall contain a finding of the facts upon which the order is based; it is necessary only that it shall contain a 'statement of its conclusion of the fact' at issue and its rulings of the law applicable. Glasgow v. State Ind. Com., 120 Okla. 37, 250 P. 138"

—is applicable. See, also, Graver Corporation et al. v. State Industrial Commission et al., 114 Okla. 140, 244 P. 438.

It is strenuously urged that the evidence is not sufficient to support the award made. Under the rule embraced in the Workmen's Compensation Act, this court is not authorized to weigh conflicting evidence. If that rule is not satisfactory, it is subject to change by the legislative branch of the government. It will not be changed by judicial construction by this court. There was some competent evidence reasonably tending to support the award as made.

Under the presumption statute (section 7295, C. O. S. 1921), the rule stated in Graver Corporation et al. v. State Industrial Commission et al., supra, and the other statutes and decisions herein before cited, the petition to vacate the award of the State Industrial Commission is denied.

HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1), L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6255; R. C. L. Pocket Part, title Workmen's Compensation, § 116. (2), annotation in L. R. A. 1917D, 133; 4 A. L. R. 116, 127; 23 A. L. R. 1168; 58 A. L. R. 197; 28 R. C. L. 789; R. C. L. Perm. Supp. p. 2616; R. C. L. Pocket Part, title Workmen's Compensation, § 83.