## INDUSTRIAL TRACK CONSTRUCTION CO. v. COLTHROP et al.

No. 23262. Opinion Filed Feb. 7, 1933.

Rehearing Denied March 21, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Morrison, Morrison & Morrison, J. Berry King, Atty. Gen., and Robt. E. Crowe, Asst. Atty. Gen., for respondents.

OSBORN, J. This is an original action to review an award of the State Industrial Commission, entered December 17, 1931, in favor of Wm. Franklin Colthrop and against the Industrial Track Construction Company. Another phase of this case has heretofore been before this court (132 Okla. 77, 269 P. 263). The record discloses that the claimant was injured on April 13 1926, while he was helping to carry cross-ties, incident to his employment, when he stepped into a hole about 18 inches deep, partially filled with soft dirt, and sprained his back and hip.

On August 19, 1926, the Commission made an award, and thereafter upon a further showing the Commission, on May 31, 1927, made a further award in the sum of $257.73, resulting in the appeal hereinabove men-

tioned, which order was affirmed by this court, and the sum therein awarded was paid.

Nothing further was done in the case until August 6, 1931, when claimant filed application to reopen, and after evidence was introduced, the Commission, on December 17, 1931, made a further award to claimant of 66⅔ percentum of the difference between his average daily wage at the time of the accidental injury (which the Commission found to be $3.00 per day) and his wage-earning capacity thereafter (which the Commission found to be 90 cents per day), payable during the continuance of such permanent partial disability, not to exceed 300 weeks.

To review this award, petitioners have instituted this proceeding.

There is no controversy about the claimant's condition, but the contest between the parties turns upon the question as to whether or not his condition is traceable to the injury received in August, 1926.

The petitioners urge the three following propositions:

"(1) That there is no competent testimony to sustain the finding of the State Industrial Commission that the claimant's present disability is due to the injury of April 13, 1926.

"(2) That the State Industrial Commission erred as a matter of law in its failure and refusal to allow your petitioners credit on the 300 weeks' award herein, the compensation heretofore paid.

"(3) Error of the State Industrial Commission in its finding that the claimant's earning capacity had been reduced by reason of said accidental personal injury to 90 cents per day. That such finding is contrary to all competent testimony in this cause."

It will be noted that two of the specified assignments of error deal with certain findings of fact by the Commission. The first relates to the sufficiency of the evidence to sustain the finding that claimant's personal disability is due to the injury sustained on April 13, 1926. After reviewing the record, it might be said that the evidence in this regard is far from clear and satisfactory. However, Dr. H. A. Dever, a physician of El Reno, Okla., who had treated claimant at the time of the first injury and had examined him since that time, testified that he believed that claimant's first injury had resulted in a fracture to the pelvic arch, although X-ray pictures failed to disclose such fracture. That two small splinters of bone

from the fracture had worked out through the groin of claimant, causing a severe abscess, which resulted in claimant's present condition. In view of this testimony, it could not be said that there was no evidence upon which the finding of the Commission was based. Under the rule announced by this court many times, this finding will not be disturbed. See [Wise-Buchanan Coal Co. v. Ray, 157 Okla. 197, 17 P. (2nd) 360. See, also, Graver Corporation v. State Industrial Commission, 114 Okla. 140, 244 P. 438.

The same rule is applicable regarding claimant's third contention herein. Petitioners contend that the Commission erred in finding that claimant's earning capacity had been reduced to 90 cents per day. Claimant testified that he managed to pick some cotton and was able to do a little work, such as mowing lawns and other odd jobs of a light nature. Under the rule above announced, this court will not disturb this finding of fact by the Commission.

There are other questions suggested by the evidence to the impairment of claimant's earning capacity, more especially in view of a subsequent accident to claimant, resulting in a total disability for several months. But we do not deem it necessary to analyze the testimony in detail, there being some evidence to support the finding of the Commission.

The second contention of petitioner deals with the award made by the Commission. It appears from the record that, on the 17th day of December, 1931, the Commission found that claimant was injured on the 13th day of April, 1926, and that as a result of said injury the wage-earning capacity of claimant had decreased from the date of August 26, 1931, and awarded compensation at the rate of $8.08 per week for a period not to exceed 300 weeks from August 26, 1931. Under the "other cases" paragraph of section 13356, O. S. 1931, compensation for partial permanent disability on the basis of 66⅔ percentum of the difference between the average weekly wages and the wage-earning capacity thereafter in the same employment, or otherwise payable during the continuance of such partial disability, is provided. It will be noted that in order for any person to collect such compensation he must show a permanent partial disability, connected with a compensable injury, and must also show a decreased earning capacity. This proposition is discussed in the case of Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16

276

.·P. ..(2d) 78. ..In··that· case·. the ·court laid ·down the· following rule:·.

··"The ·act·· authorizes··an award for a ·period ·not exceeding 300 weeks. That ·period· commences· with the· beginning of permanent· partial disability. It does not ·:commerce with the date. of the award."

·On the basis of the above rule, claimant's permanent partial disability began on September 26, 1926, according to previous findings of the Commission in his case. However, the Commission also found, in the order of December 17, 1931,·that claimant had no decreased earning capacity until August 26, 1931. All of these orders, being based upon questions of fact, ·are binding upon this court, especially since claimant did not appeal from the order of December 17, 1931, and. has not assigned as error the order of said date fixing the time of claimant's decreased earning capacity.

On the basis of the above rule and findings of fact, the Commission has exceeded its jurisdiction by awarding compensation to claimant for 300 weeks from, August 26, 1931. Since the ,date of the beginning of claimant's permanent partial disability was September 26, 1926, the Commission has found. that claimant was entitled to compensation, extending through a period of 545 weeks from the date of the beginning of his permanent partial disability, which is clearly contrary to the terms of the Statute.

The order of the Commission, dated December 17, 1931, should be modified to provide for compensation to claimant at the rate of $8.08 per week, from August 26, 1931, payable for a period not to exceed 55 weeks from said date, subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon application of any party in interest.

The award of the State Industrial Commission is vacated and cause is remanded to it, with directions to enter an award in conformity herewith.

RILEY, C. J., and SWINDALL, ANDREWS, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and McNEILL, J., absent.