## STANOLIND PIPE LINE CO. v. HUDSON et al.

No. 23802. Opinion Filed April 11, 1933.

74

Clay Tallman and T. W. Arrington, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., G. A. Holley, and R. H. Mills, for respondents.

OSBORN, J. This is an original action in this court to review an award of the State Industrial Commission in favor of J.' H. Hudson and against the Stanolind Pipe Line Company.

The record shows that claimant was employed by petitioner as a roustabout in the oil field and that on July 17, 1927, while carrying a piece of pipe with another employee of the company, the other employee dropped his end of the pipe, and that when it fell

the force knocked claimant · down and the pipe fell on his back and side and that he sustained severe bruises. It appears that on August 24, 1927, his injury was healed and ·he entered into a stipulation of settlement, having received compensation during the period of his temporary total disability.

No November 16, 1931, he filed a motion to reopen the case on account of a change of condition, and on June 3, 1932, the Commission sustained his motion to reopen and made a finding to the effect that he had suffered a change of condition; that his average wage prior to the accident was $4.50 per day and that his present earning capacity was $2.25 per day, and awarded compensation at the rate of $8.65 per week, not to exceed 300 weeks, beginning on November 16, 1931, the date of filing the motion to reopen.

' Petitioner contends that the testimony is insufficient to support the finding of the State Industrial Commission that claimant has sustained a change of condition, and that the testimony is insufficient to support the finding of the Commission as to the de- ' creased earning capacity of claimant. In this connection, however, an examination of the record discloses that the evidence is conflicting and that said findings, being findings of fact, are binding on this court, since there is some evidence in the record reasonably tending to support said findings by the Commission. Wise-Buchanan Coal Co. v. Ray, 157 Okla. 197, 17 P. (2d) 360; Graver Corporation v. State. Industrial Commission, 114 Okla. 140. 244 P. 438.

In the case of Industrial Track Construction Co. v. Colthrop. 162 Okla. 274, 19 P. (2d) 1084, opinion filed February 7, 1933. we determined the further question in this case. See, also, Magnolia Petroleum Company v. Allred, 160 Okla. 126, 16 P. (2d) 78.

It is therefore apparent that the order of the Commission is excessive and contrary to law. According to the record herein. claimant's permanent partial disability, if any, commenced on the date of August 24. 1927. The Commission, however, found that he had no decreased earning capacity until November 16, 1931. Consequently the award should be modified to provide compensation to claimant at the rate of $8.65 per week from November 16. 1931, for 300 weeks less 222 weeks, representing the period between the date of the commencement of the permanent partial disability and the date of the finding of his decreased earning capacity by the Commission.

The award of the State Industrial Commission is vacated and the cause is remanded to it, with directions to enter an award in conformity herewith.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J. absent.