## BARNSDALL REFINERIES, Inc., v. STATE INDUSTRIAL COMMISSION et al.

No. 23561.　Feb. 13, 1934.

Jack Paden, for petitioner.

J. Berry King, Atty. Gen., Cannon B. Mc-Mahan, and Duncan & DeParade, for respondents.

OSBORN, J.　This is an original action in this court to review an award of the State Industrial Commission in favor of J. B. Neal and against the Barnsdall Refineries.

The record shows that on January 6, 1927, claimant was in the employ of petitioner, and while returning from work, a truck, in which he was riding with other employees, overturned and claimant was thrown out of the truck and landed on his neck and back; that he was treated for a bruise or strain for several days and returned to work on January 15, 1927, He was awarded compensation for temporary total disability in the sum of $9, for which settlement was made.

On October 27, 1931, he filed a motion to reopen his case on the basis of a change of condition. On March 23, 1932, the Commission made an order in which it found that, by reason of the accidental injury above mentioned, there had been a change in condition and claimant was permanently partially disabled and had suffered a decreased earning capacity, and awarded compensation at the rate of $8 per week for 300 weeks from October 27, 1931, which award is herein presented for review.

Petitioner contends that there is no competent evidence to sustain the finding of the Commission that claimant has suffered a change in condition based upon the accidental injury received on January 6, 1927; that there is no competent evidence to sustain the finding that claimant's earning capacity has decreased from $4 per day to $2 per day, and that the award is improperly computed.

As to the first contention, the evidence is conflicting. This court will not weigh the evidence, but will sustain a finding of fact by the Commission where there is any competent evidence which reasonably tends to support said finding. Claimant testified that some time after the injury he began to have sharp pains in his neck, which continued to grow more severe until these attacks lasted sometimes as long as a week, during which time he was unable to work. An examination by Dr. M. B. Gilsmann revealed damage to the first and second cervical vetebrae, and that during inclement weather claimant suffered severe pain and stiffness of the neck sufficient to interfere with his work and to cause him to lose time; that his condition is progressive and the attacks of pain will continue to increase

in frequency and severity. Although other medical witnesses contradicted this testimony, it is sufficient, together with the other facts and circumstances in the case, to justify the finding of the Commission that such condition is due to the injury sustained. This finding was sufficient. It was unnecessary for the Commission to find that claimant had suffered a change of condition, as no award for permanent disability had ever been entered. Claimant's testimony as to his condition and subsequent employment, together with the medical testimony herein introduced, is also sufficient to justify the finding of the Commission as to his decreased earning capacity.

Under the previous decisions of this court, however, the award of the Commission is excessive. See Magnolia Petroleum Co. v. Alred, 160 Okla. 126, 16 P. (2d) 78; Industrial Track Construction Co. v. Colthrop, 162 Okla. 274, 19 P. (2d) 1084; Oklahoma Gas & Electric Co. v. Streit, 164 Okla. 110, 23 P. (2d) 214; Stanolind Pipe Line Co. v. Hudson, 163 Okla. 73, 20 P. (2d) 1037. Under the holding of these cases, the period for which compensation might be paid for claimant's permanent partial disability commenced on January 15, 1927. According to the finding of the Commission, from which claimant has not appealed, he suffered no decreased earning capacity until October 27, 1931. In order to sustain an award for permanent partial disability in such cases, it is necessary to show disability plus a decreased earning capacity. The award of the Commission should be modified by deducting therefrom 249 weeks, being the period from January 15, 1927, to October 27, 1931.

The cause is remanded, with directions to the Industrial Commission to modify the award in conformity with the views herein expressed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., concur.