### RIVERLAND OIL CO. et al. v. WILLIAMS et al.

No. 25521.   Feb. 4, 1936.

Rehearing Denied April 28, 1936.

Pierce, Fol'ens & Rucker, for petitioners.

Phillips & Long, for respondents.

BAYLESS, J. Riverland Oil Company, a corporation, employer, and its insurance carrier, as petitioners. petition this court for a review of an award of the State Industrial Commission in favor of an employee, Henry Williams, respondent.

Petitioners raised but one issue and it related to the correct interpretation of section 2, chapter 29, S. L. .1933, purporting to amend section 13365, O. S. 1931, which was applied by the commission in determining the amount of the award made. The briefs made no attack upon the constitutionality of the amended act, but such a question appeared to the court to be present and briefs upon this question were requested.

Section 13365, O. S. 1931, related to the power of the commission to provide for the payment of the compensation awarded in periodical payments or a lump sum. Chapter 29, S. L. 1933, purports to be section 13365, supra, as re-enacted and amended. It reads in part:

"In causes coming under the 'other cases' provision of section 13356, supra, and in proceedings to enforce claims for compensation during period of healing or temporary total disability, the compensation under the provisions of this act shall be payable periodically, in accordance with the method of payment of the wages of the employee at the time of his injury, and shall be so provided for in any award made thereon. Provided, however. in all cases where the commission shall determine, under the evidence, that claimant is suffering from a disability permanent in nature, but partial in extent, the compensation ordered paid shall be determined and fixed by ascertaining the amount which would be due for a permanent total disability and awarding to claimant a percentage thereof equal to the percentage of disability, for the full period of 500 weeks."

Under this quoted portion of said act the commission not only provided for the periodical payment of the award, but also determined the compensation to be paid. In doing this the commission applied a schedule of compensation benefits provided therein which had never before been found therein or elsewhere. In doing this it also ignored the "other cases" subdivision of section 13356, O. S. 1931, which has always contained the schedule of compensation benefits to be paid for all injuries and resulting disabilities c'assified as "other cases." The injury in this matter was one falling within "other cases."

The question then is: Is the title to chapter 29, S. L. 1933, broad enough to evince an intention to cover the subject of the determination of the amount to be awarded, and thereby broaden the scope of section 13365, supra; and if this must be answered in the affirmative, is the title good as judged by section 57, art. 5, Constitution of Oklahoma? Said title reads:

"An Act amending sections 13367 and 13372, Oklahoma Statutes 1931, relating to awards made under Workmen's Compensation Act; providing for procedure thereunder; amount and tenure of compensation in certain cases; enforcement of awards made; for survival of awards in case of death of claimant; limiting time for awards upon applications based upon change of condition; and declaring an emergency."

The title is one restricted to amendatory legislation. It purports to amend legislation already in existence. It specifies the particular items with respect to which it is to be amended, and among them is "amount and tenure of compensation in certain cases." The tenure of the compensation, that is, the term it is to endure; the period over which payments of portions of the amount awarded may be made, was within the scope of section 13365. supra, and was the proper subject of amendment. But until this amendment. the matter of the determination, the calculation, of the amount to be awarded for the injuries c'assified under subdivision 3 of section 13356, supra, as "other cases," has never been comprehended within section 13365, supra. It is a debatable question whether the title is broad enough to cover this new subject-matter. If we answer this question in the negative. the portion of the act as amended falls because of the first requirement of section 57, article 5, Constitution of Oklahoma (13514, O. S. 1931). If we answer the question in the affirmative, it

must fall also because of the portion of said section 57, article 5, supra, relating to amendment.

We have said in Pottawatomie County v. Alexander, 68 Okla. 126, 172 P. 436:

"An act to amend a particular section of a general law is limited in its scope to the subject-matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates."

See, also, Carroll v. Board of County Commissioners of Hughes Coun'y, 68 Ok'a. 124, 172 P. 438, and Ex parte Masters, 126 Okla 80, 258 P. 861.

In our opinion in Pottawatomie County v. Alexander. supra, we said:

"Had the amended act been entitled generally as an act to amend chapter 152, any amendment germane and pertinent might have been made; but, being specifically limited to the section designated, the interpolation by proviso of a new subject dealt with in another section of the old act was not permissible. Any further changes than those designated in the title were precluded by the specific enumeration of those named. * * *

"It is held generally that, where the title of the amendatory act specifies the section or sections to be amended, the amendment must be germane to the subject-matter of the sections specified, and that amendments of other sections, not specified, will be void."

In the opinion in Ex parte Masters. supra, we were considering an act of the Legislature amending certain existing laws relating to the rules of the road for vehicular traffic. The section to be amended did not mention the rate of speed of travel. The rate of speed of travel of vehicles was regulated by another section. The section relating to the rules of the road, as amended, contained a proviso relating to a rate of speed of travel differing from the existing law, which law was not attempted to be amended by the act under consideration. We said:

"The question then arises, Was the provision with reference to speed germane to or embraced within the subject-matter of said section 10164, the section of the general law sought to be amended? Section 10164 'was composed of eight 'Rules of the Road,' which prescribed rules for the conduct of persons driving vehicles over the state highways in the following instances: ((1) When meeting each other; (2) when overtaking others; (3) when turning to the right into another road; (4) when turning to the left into another road; (5) when crossing from one side of the street to the other; (6) when passing other vehicles from the rear. Rule 7 gave certain vehicles right of way over others, and rule 8 was the penal clause. Thus, it will be observed, the said section did not attempt to prescribe or regulate the rate of speed at which vehicles might travel. The Legislature itself recognized that the subject of the speed of vehicles had not been dealt with, and, in 1923, passed two special acts with regard to such matters.

"We have seen, under the holding of this court in Pottawatomie County v. Alexander, supra, that only those amendments are effective which change, modify' or enlarge the provisions with reference to which the subject of the original section relates. Thus, it was undoubtedly within the power of the Legislature, by amendment, to change, modify, or enlarge any of the 'rules of the road' above enumerated in section 10164 since that would be clearly legislation relating to and germane to the subject-matter of the section sought to be amended. From reading the cited case, however, the conclusion is inescapable that no authority existed for the incorporation in the said section, under the guise of an amendment, of a provision regulating the speed of vehicles, when the Legislature, in enacting the said section in the first instance, made no attempt to legis'ate with regard to such a subject-matter. The term 'amendment' itself indicates a change or correction of the thing sought to be amended. This being true, it cannot logically be contended that the provision of the act under consideration was an 'amendment,' for there was no provision in the section sought to be amended, which in any manner attempted to regulate the speed of vehicles. There being no provisions regulating the speed of vehicles contained within the original section, there was nothing upon this subject to amend."

Section 13356. subdivision 3, dealt with the method of determining or calculating the amount to be awarded. It was not mentioned in the title to chapter 29, S. L. 1933; therefore. in so far as section 2, chapter 29, S. L. 1933, attempts to amend or supersede or repeal subdivision 3, section 13356, O. S. 1931. it is unconstitutional as governed by section 57, article 5, supra, as construed by us in the cases above cited and quoted from.

To show the resulting difference in the amount of the award under the amendment as compared with section 13356, supra, we call attention to the record. Under the evidence, respondent suffered a 10 per cent. disability, under section 13356. supra, that is not specifically compensated for under the "other cases" provision, but must be compensated upon the basis of decreased earnings. This was found to be $3 per day, or $11.54 per week, which could be paid over a period of 300 weeks on'y. But when the commission came to determine the amount of

the award under section 2, chapter 29, S. L. 1933, it determined that total permanent disability at $18 per week for 500 weeks would produce $9,000, applied the 10 per cent. to this, and arrived at $900 as the amount of the award. This is sufficient to show that the amendment makes a vital change in the method of determining the amount of the award.

The award is vacated, with directions to determine the amount of the award under section 13356, supra, to be paid periodically or in a lump sum as the commission may determine under section 13365, supra, as amended by chapter 29, S. L. 1933.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur. BUSBY and PHELPS, JJ., absent.