## J. B. HAMMONDS GIN CO. et al. v. COBB et al.

No. 26780.   April 21, 1936.

Rehearing Denied May 19, 1936.

Butler & Brown, for petitioners.

Leo J. Williams, for respondents.

CORN, J. This is an original action to review an award of the State Industrial Com-

mission in favor of the claimant, J. C. Cobb, and against the petitioners.

The claimant, while in the employ of the J. B. Hammonds Gin Company, claims to have sustained an accidental injury in the nature of a strained back while handling a bale of cotton in the course of his employment.

It appears from the record that the petitioners first paid the claimant the sum of $40 as temporary total compensation, and later an agreement was entered into by the parties whereby the claimant was paid an additional sum of $80 for any and all permanent disability, and petitioners also paid the medical expenses and attorneys fee of claimant. This settlement was approved by order of the Industrial Commission subject to continuing jurisdiction of the commission on a change of condition for the worse. This order was made February 13, 1934, following the injury on November 1, 1933.

On September 24, 1934, claimant filed a motion with the commission to reopen the case and award further compensation on change of condition. A hearing was had, and upon consideration of the evidence the commission denied the motion on the ground that the evidence was insufficient to show a change of condition, and made an order to that effect on December 15, 1934. On January 9, 1935, the claimant moved to vacate the order of December 15, 1934, and that the cause be set for immediate hearing in order that he might submit further medical testimony. This motion was overruled.

Again on September 7, 1935, claimant filed a motion with the commission to reopen the cause and to set a hearing to determine the extent of permanent partial disability. This motion was granted and a hearing was had on September 27, 1935, and the cause was continued for further hearing on October 4, 1935, and on October 17, 1935, the commission made the award which is now before this court for review. The award was for the additional sum of $320, making a total of $400 awarded the claimant upon a finding of a 10 per cent. permanent partial disability.

The petitioners first contend that the Industrial Commission erred in computing the compensation on the basis of 500 weeks as provided by section 2, chapter 29, S. L. 1933, instead of computing the same on a 300 weeks' basis as provided in section 13356, O. S. 1931.

This court in the case of Riverland Oil Co. v. Williams, 176 Okla. 448, 56 P. (2d) 1167, and in the case of Watchorn Oil Company v. Pendergrass, 77 Okla. 21, 56 P. (2d) 1170, held section 2, chapter 29, S. L. 1933, unconstitutional in so far as it attempted to amend section 13356, O. S. 1931, the syllabus in said cases being as follows:

"An act to amend a particular section of a general law is limited in its scope to the subject-matter of the section proposed to be amended. Such amendment ex vi termini implies merely a change of its provisions upon the same subject to which the original section relates.

"It is held generally that, where the title of the amendatory act specifies the section or sections to be amended, the amendment must be germane to the subject-matter of the sections specified, and that amendments of other sections, not specified, will be void."

An examination of the title of the amendatory act discloses that section 13356, O. S. 1931, was not included with the other sections to be amended, yet it attempts to amend said section 13356 by changing the method of computing compensation under the "other cases" provision thereof. Therefore, the amendatory act being unconstitutional and void in this particular, the commission erred in not following the method provided in section 13356, supra, in computing the compensation awarded the claimant.

It is further contended by the petitioners that the award is not supported by the evidence.

There is some competent evidence which reasonably tends to support the findings of the commission as to the 10 per cent. permanent partial disability allowed the claimant, and we will not disturb the findings of the commission as to the change of condition or as to the disability of the claimant.

The award is vacated and remanded to the Industrial Commission, with directions to compute the compensation and to award the same in accordance with the views herein expressed.

OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur. McNEILL, C. J., and BUSBY, J., absent.