## MURCH BROS. CONSTRUCTION CO. et ·al. v. CUPP et al.

No. 26765.   May 12, 1936.

Clayton B. Pierce and Truman B. Rucker, for petitioners.

B. C. Davidson, G. A. Krueger, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. This is an original action brought by Murch Brothers Company and the Maryland Casualty Company to review an award of the State Industrial Commission against said petitioners and in favor of J. M. Cupp, the respondent herein, who will be referred to as the claimant.

The petitioners in their first proposition contend that the commission has no authority to make an award for nonspecific injury in the absence of proof of loss of wage-earning capacity.

The claimant was employed as a common laborer in the construction of the United States Southwestern Reformatory near El Reno, and in the course of his employment sustained an accidental injury to his back while lifting a heavy stone. After the injury he was assigned lighter work and was retained on the job several months before he was finally discharged. After leaving the employ of petitioners he still was able to do light work when he could find that kind of work to do, but was unable to perform any kind of heavy work. According to his own testimony and that of his attending physician he suffered continuous pain. He claims that he was refused employment and was unable to get regular employment on account of his physical condition resulting from the injury. The attending physician estimated his disability at 50 to 60 per cent. However, there is a conflict in the medical testimony, another physician being of the opinion that the claimant was not incapacitated at all for labor on account of the injury. The Industrial Commission made an order awarding compensation on a basis of 25 per cent. permanent partial disability.

As contended, the injury complained of is not a specific injury as scheduled in the first portion of subdivision 3 of section 13356, O. S. 1931, but falls within the classification of the "other cases" provision of said section, as amended by section 2 of chapter 29, S. L. 1933. In order to sustain an award under the latter classification it is necessary to show, not only that claimant is partially disabled as a result of a

compensable injury, but also that he has thereby sustained a decreased earning capacity. Industrial Track Const. Co. v. Colthrop, 162 Okla. 274, 19 P. (2d) 1084; Stanolind Pipe Line Co. v. Hudson, 163 Okla. 73, 20 P. (2d) 1037; Oklahoma Gas & Electric Co. v. Streit, 164 Okla. 110, 23 P. (2d) 214.

Under the foregoing proposition the petitioners contend that the claimant did not suffer a loss of earning capacity because of the fact that the employer retained the claimant several months at the same wages he was earning at the time of the accidental injury, but there is evidence in the record of a continuation of the disability after the termination of said employment, which resulted in a loss of wage-earning capacity, the claimant being unable to obtain work, or to perform any kind of labor other than light work.

This contention involves a finding of fact of the Industrial Commission, and since there is evidence in the record reasonably tending to sustain the finding of the commission, under the rule consistently followed by this court, said finding of fact will not be disturbed.

In petitioners' second proposition it is contended that the award of August 20, 1935, was a final order and the commission had no power to reopen the cause. The award referred to denied compensation for temporary partial disability, but made an award for medical expenses. The petitioners argue that the order of August 20, 1935, does not amount to an "award of compensation" such as to give the commission continuing jurisdiction to reopen the case on a change of condition, or to make a subsequent award for permanent partial disability. They rely solely on the case of Olentine v. Calloway, 147 Okla. 137, 295 P. 608. In that case the claimant failed to show that any disability resulted from the alleged injury, and there was no finding that the claimant had sustained any injury in the course of his employment, and there was no order for medical expenses incurred as a result of said alleged injury. In short, no award of any kind was made. Therefore, the court, in said case, in distinguishing it from cases where medical expenses were allowed, as in the instant case, held and commented as follows:

"The jurisdiction and power of the State Industrial Commission under section 7296, supra, to review awards on the ground of a change in condition is limited. It is only authorized to end, diminish, or increase the compensation previously awarded. The word 'award' as used in section 7296, supra, authorizing the State Industrial Commission, upon its own motion or upon the application of any party in interest, on the ground of a change in condition, to at any time review any award, and on such review to make an award ending, diminishing, or increasing the compensation previously awarded, means the decision, determination, or judgment for money, hospitalization, crutches, or other compensation in favor of an employee, provided for in the Workmen's Compensation Act."

In support of this the court cites Ward v. Beatrice Creamery Co., 117 Okla. 31, 245 P. 570, and United States Fidelity & Guaranty Co. v. Industrial Commission, 115 Okla. 273, 244 P. 432, and further states:

"In the last-mentioned case, the commission ordered the respondent or the insurance carrier to pay all medical expenses incurred by the claimant as a result of said accident. Commissioner Jones, in the opinion approved by this court, says:

" 'The commission on this hearing found that the claimant was injured while in the employ of the respondent and in the course of his employment, but further found that he had "lost no time" by reason of the injury, and made an award requiring respondent or insurance carrier to pay all medical expenses.'

"So it will be seen that the State Industrial Commission had made an award for medical care, and an award having been made, it might be increased, on the ground of a change in condition, but in Ward v. Beatrice Creamery Co., supra, no award having been made, there was nothing to end, diminish or increase."

The foregoing authorities and other authorities cited in these cases hold adversely to petitioners' contention under their second proposition.

The petitioners in their third proposition contend that the evidence did not establish nor did the commission find a change of condition, and such proof and finding is jurisdictional.

The question here raised was decided adversely to the contention of petitioners in the case of United States Fidelity & Guaranty Co. v. State Industrial Commission, supra, the situation in that case being almost identical with that of the case at bar. In that case this court held that the commission had continuing jurisdiction, and further held, as stated in paragraph 2 of the syllabus, as follows:

"Where the Industrial Commission finds

that the claimant was injured while in the employ of the petitioners, and in the course of his employment, but refuses to make any award because the claimant has lost no time and is still receiving the same wages from his employer that he received prior to receiving the injury complained of, and thereafter the claimant is discharged and the injury sustained is shown to still exist, which incapacitates the claimant, the commission may take into consideration the fact that the claimant has been discharged, in determining whether or not an award should be made on a review of the former hearing."

The petitioners in their fourth proposition contend that the award of $8 per week for 125 weeks is contrary to law.

Under this proposition it is contended that that part of section 2 of chapter 29, S. L. 1933, which purports to amend section 13356, O. S. 1931, by increasing the basis of compensation for permanent partial disability coming under the "other cases" provision of subdivision 3 of said section 13356 from 300 to 500 weeks, is void under section 57, article 5, of the Oklahoma Constitution, the same not being embraced in the title of the act. The title of the act is as follows:

"An act amending sections 13365, 13367 and 13372, Oklahoma Statutes 1931, relating to awards made under Workmen's Compensation Act; providing for procedure thereunder; amount and tenure of compensation in certain cases; enforcement of awards made: for survival of awards in case of death of claimant; limiting time for awards upon applications based upon change of condition.; and declaring an emergency."

Said section 13356, supra, was not specified in the title to said act, and under said provision of the Constitution said act is unconstitutional and void in so far as it attempts to amend, supersede, or repeal subdivision 3 of section 13356, O. S. 1931. This question was decided recently by this court in the case of Riverland Oil Co. v. Williams, 176 Okla. 448, 56 P. (2d) 1167, the opinion holding, as stated in the syllabus, as follows:

"An act to amend a particular section of a general law is limited in its scope to the subject-matter of the section proposed to be amended. Such amendment ex vi termini applies merely to a change of its provisions upon the same subject to which the original section relates.

"It is held generally that, where the title of the amendatory act specifies the section or sections to be amended, the amendment must be germane to the subject-matter of the sections specified, and that amendments

of other sections, not specified, will be void."

Also see Watchorn Oil Co. v. Pendergrass, 177 Okla. 21, 56 P. (2d) 1170, and J. B. Hammonds Gin Co. v. Cobb, 177 Okla. 130, 57 P. (2d) 851.

The petitioners in their fifth and last proposition contend that the Industrial Commission has no power to commute any part of such award to a lump sum.

Under this proposition petitioners assert that under section 2 of chapter 29, S. L. 1933, compensation under the "other cases" provision, as well as under the classification of temporary total disability, "shall be payable periodically in accordance with the method of payment of the wages of the employee at the time of his injury." Obviously the petitioners have overlooked the proviso immediately following the foregoing provision, which sets apart and treats separately disabilities permanent in nature, but partial in extent, the particular classification involved in the instant case. Said proviso reads as follows:

"Provided, however, in all cases where the commission shall determine, under the evidence, that claimant is suffering from a disability permanent in nature, but partial in extent, the compensation ordered paid shall be determined and fixed by ascertaining the amount which would be due for a permanent total disability and awarding to claimant a percentage thereof equal to the percentage of disability, for the full period of 500 weeks. **All payments shall be made on any award in the manner and form prescribed by the commission.**"

It is obvious that the Legislature intended to vest in the Industrial Commission the discretion to prescribe the manner and form of paying awards of this classification, but in view of the fact that such awards are made "subject to reconsideration of the degree of such impairment by the commission on its own motion or upon the application of any party in interest," such discretion must necessarily be exercised with caution, and in the proper exercise of their discretion the commission should take into consideration all the circumstances in each case and see that substantial justice is done to all parties in interest. The Legislature recognized the impracticability of prescribing a fixed rule for the payment of awards which are subject to reconsideration, and left the matter to the discretion of the commission. The commission, in the interest of justice to the claimant, may take into consideration the time which has elapsed between the beginning of the disability and

the beginning of the payment of the award, and there is no reason why all back payments should not be commuted to a lump sum and paid in one payment for the impairment of earning capacity which the claimant has already suffered. On the other hand, to commute future payments to a lump sum would destroy the right of the employer or insurance carrier to have the degree of impairment reconsidered by the commission, or the commission to do so on its own motion.

In view of our holding upon petitioners' fourth proposition, supra, it becomes necessary to vacate the award and remand the case to the Industrial Commission, with instructions to compute the compensation in accordance with the views herein expressed. We have ruled upon the other propositions in order to eliminate them from further consideration in this proceeding.

And it is so ordered by the court.

OSBORN, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.