## CORNHUSKERS THEATRES, Inc., et al. v. FOSTER et al.

No. 27834.   Nov. 30, 1937.

S. S. Wachter, for petitioners.

Bob Howe (John Howard Payne, of counsel), and Mac Q. Williamson, Atty. Gen., for respondents.

HURST, J. This is an action under the Workmen's Compensation Law. In addition to a consideration of the sufficiency of the evidence, it involves the question of the right of the commission, in a case of permanent partial disability for nonspecific injuries under the "other cases" provision, to commute an award for attorney fees into one lump sum, under an amendment adopted in 1933.

On November 10, 1936, the claimant, B. E. Foster, sustained an accidental injury while employed by the Cornhuskers Theatres, Inc. He was employed as a laborer, doing carpenter work in one of the industries or businesses covered by the Workmen's Compensation Law, and a piece of lumber fell and fractured his shoulder blade. He was drawing a wage of $3.20 per day according to the statement filed by the employer with the State Industrial Commission, and the commission found that his wage-earning capacity was reduced by the injury to $2 per day. He was awarded the minimum of $8 per week for not to exceed 300 weeks as permanent partial disability.

The commission further ordered that the sum of $200 is a reasonable attorneys' fee for claimant's attorneys, "and that said sum should be commuted to a lump sum payment off the latter end of the award herein."

The employer and its insurance carrier are petitioners here and seek to have the award vacated upon three grounds.

1. It is first contended that by reason of section 2, chap. 29, Sess. Laws 1933, p. 66, amending section 13365, O. S. 1931, which theretofore granted authority to commute awards for attorney fees, that the commission no longer has authority to commute any portion of an award for such purposes in the case of permanent partial disability granted under the "other cases" clause of section 13356 of the act. Section 13356 sets out the "schedule of compensation" in six paragraphs. Paragraph 3 deals with permanent partial disability, which is the nature of the injury sustained by claimant herein, and after listing the compensation to be paid for certain specified injuries, contains the "other cases" clause referred to above which provides:

"Other cases: In this class of disabilities the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed three hundred weeks, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon the application of any party in interest."

Section 13365 deals with the method of payment of the awards granted by the commission, and in so far as it refers to the right to commute the periodical payments into one lump sum is as follows:

"* * * The commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice. * * *"

This section was amended by section 2, chap. 29, Sess. L. 1933, in so far as applicable to the present controversy, to read thus:

"In causes coming under the 'other cases' provision of section 13356, supra, and in proceedings to enforce claims for compensation during period of healing or temporary total disability, the compensation under the provisions of this act shall be payable period ically, in accordance with the method of payment of the wages of the employee at the time of his injury and shall be so provided for in any award made thereon. Provided, however, in all cases where the commission shall determine, under the evidence, that claimant is suffering from a disability permanent in nature, but partial in extent, the compensation ordered paid shall be determined and fixed by ascertaining the amount which would be due for a permanent total disability and awarding to claimant a percentage thereof equal to the percentage of disability, for the full period of 500 weeks. All payments shall be made on any award in the manner and form prescribed by the commission. * * *".

It may be well to note here that in the previous paragraph of the amendment, there is found the following provision:

"The commission may determine that payment of **said award** may be made in monthly, or any other periodical installments as it may deem advisable, and may thereafter on application made or upon its own motion, modify or change the said order as to manner, time and amounts of periodical payments or may direct the payment of the entire balance thereof. * * *"

The **said award** referred to in this provision is the award for "permanent dis-

ability either total or partial, under subdivisions '1' and '3' of section 13356, O. S. 1931 (except as to 'other cases' provision of said subdivision '3')", which is dealt with in the same paragraph of the amendment. This quoted provision has no application to an award under the "other cases" clause (the award involved in the instant case), which is treated separately in the succeeding paragraph of the amendment. Our decision must therefore rest upon the interpretation of that portion of the amendment first above quoted.

It is admitted that prior to the adoption of this amendment, the commission had authority to commute periodical payments into a lump sum payment in any case under the holding of M. T. Smith & Son Drilling Co. v. Cox (1933) 162 Okla. 301, 21 P. (2d) 496, which construed section 13365. But it is contended that the amendment deprived the commission of this right in cases of permanent partial disability under the "other cases" provision, and in cases of temporary total disability.

This court has held in Riverland Oil Co. v. Williams (1936) 176 Okla. 448, 56 P. (2d) 1167, and again in Murch Bros. Const. Co. v. Cupp (1936) 177 Okla. 102, 57 P. (2d) 852, that the quoted portion of the 1933 amendment was unconstitutional in so far as it dealt with the method of determining or calculating the amount to be awarded, for the reason that the method of determining such amount is exclusively prescribed in section 13356, and the amendment, by its title, does not refer to that section. It only purports to amend sections 13365, 13367, and 13372. It is important to notice that section 13365 refers solely to the manner in which an award already determined may be paid, and section 13356 merely prescribes the method for determining the amount of the award. Therefore, the invalidity does not permeate the whole act, and any part of the amendment dealing with the method of paying the award, when the amount is once determined, is not unconstitutional. Gilmer v. Hunt (1934) 167 Okla. 175, 29 P. (2d) 59. It will be noted that the proviso in the clause of the amendment above quoted prescribes a method for determining the amount of compensation to be paid for a disability permanent in nature but partial in extent, and is unconstitutional as an attempt to amend the subject covered by section 13356. The remaining portion of the clause in the amendment, however, deals with the method of payment, and not the method of determining the amount. Such part attempts to

amend only section 13365, which is referred to in the title, and is valid. Therefore, eliminating the unconstitutional proviso, the amendment will read as follows:

"In causes coming under the 'other cases' provision of section 13356, supra, and in proceedings to enforce claims for compensation during period of healing or temporary total disability, the compensation under the provisions of this act shall be payable periodically, in accordance with the method of payment of the wages of the employee at the time of his injury and shall be so provided for in any award made thereon. * * * All payments shall be made on any award in the manner and form prescribed by the commission. * * *"

The interpretation of this clause thus seems clear and unambiguous. It provides in effect that all payments shall be made in the manner and form prescribed by the commission, except (1) in cases of permanent partial disability coming under the "other cases" provision of section 13356, where the amount is determined, and (2) in cases of temporary total disability. In these excepted cases, the payments must be made periodically in accordance with the payment of wages of the employee. The language of the act is mandatory and prevents the commission from commuting the award for attorney fees into a lump sum. The wisdom and expediency of the amendment is a question for the Legislature and not the courts.

Both parties refer to Murch Bros. Const. Co. v. Cupp, supra, decided subsequent to the 1933 amendment. It would appear to be the holding of this court, from the 8th syllabus of that case, that the commission "may commute to a lump sum such portion of the award as the circumstances in each particular case may justify", in cases of permanent partial disability for nonspecific injuries coming under the "other cases" provision of subdivision 3 of section 13356. The opinion, however, discloses that the award was not commuted in that case, but was vacated for the reason that the amount had been determined by the method prescribed in the amendment, which was held unconstitutional as an attempt to amend section 13356. Therefore the discussion of the right to commute was dicta, and we expressly disapprove the language therein used in so far as it is in conflict with the views herein expressed.

The cases cited by claimant sustaining the right of the commission to commute an award are distinguishable in that they were decided prior to the enactment of the amendment involved herein.

By way of supplemental brief the claimant presents the proposition that the right to commute the latter portion of the award for the payment of attorneys' fees was not questioned in the motion to vacate the award filed before the Industrial Commission. It is argued that they are now changing their theory in this court, which is not permitted under the holding in Western Indemnity Company v. State Ind. Comm. (1923) 93 Okla. 100, 219 P. 147. We find, however, that the theory of the action has not been changed, but petitioners have raised an additional question of a jurisdictional nature. It is not necessary to raise the jurisdictional question in the motion to vacate the award, since it is not necessary to file such motion before the commission. Transcontinental Oil Co. v. Eoff (1927) 126 Okla. 91, 258 P. 743.

2. The second and third contentions of petitioner are that there is no competent evidence to support the finding of the commission that the claimant's wage-earning capacity had decreased from $3.20 per day to $2 per day after the injury, and that the award for permanent partial disability is not supported by the evidence. We will consider the two together, keeping in mind the rule that where the evidence is conflicting, the findings of the commission are binding upon this court where there is some competent evidence in the record reasonably tending to support them. Petitioner asserts that the earning capacity of the claimant after the injury is shown to be $2.80 per day, rather than $2, as found by the commission.

It was stipulated that the payments already made for temporary total disability covered the period from the date of injury to December 12, 1936, so the only question is regarding the permanent partial disability from that date.

The physician called on behalf of petitioner testified that the claimant had no disability whatever. On the other hand, the physician for claimant stated that the physical disability was 50%, but that "from the standpoint of getting a job" it was 100% because he could not pass an examination. Therefore, as to the nature and extent of claimant's injury, the evidence was conflicting, but it is apparent that there was some competent evidence reasonably tending to support the finding that he suffered a permanent partial disability authorizing an award under the "other cases" clause of section 13356, supra. In such case the compensation must be two-thirds of the difference between "his average weekly wages (before the injury) and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability," not to exceed 300 weeks. But the per cent. of physical disability does not reflect, pro tanto, the decrease in wage-earning capacity. Texas Co. v. Roberts (1930) 146 Okla. 140, 294 P. 180; Dailey, Crawford & Pevetoe v. Rand (1932) 155 Okla. 229, 8 P. (2d) 738; Allen Water Co. v. Davis (1931) 150 Okla. 13, 300 P. 793; Magnolia Pet. Co. v. Allred (1932) 160 Okla. 126, 16 P. (2d) 78. Decrease in the wage-earning capacity is a question of fact, to be computed by determining how much the ability to earn wages has been reduced by reason of the physical disability. The claimant may have no wage-earning capacity after the injury, not only because of inability to perform obtainable work, but also inability, on account of the impairment, to secure work to perform. Texas Co. v. Roberts, supra; White Deer Pipe Co. v. McLaughlin (1931) 153 Okla. 54, 4 P. (2d) 1057.

In this connection, the claimant declared that after his discharge as fit for work, he worked on one job for eleven hours, for which he was paid 35 cents an hour, but that he was forced to give up this labor because he was unable to perform it, and that this inability to perform was caused by the injury. It does not appear when this work was done. He testified that he tried to get other work, but could not pass the required physical examination. He did state that he had done a "little puttering around the house", and tried to work in the yard, but had to quit because of his injury.

Therefore, except for the one day's work, which he was forced to abandon, he received no wages after the injury, and it appears to be because of his physical disability alone. Under these circumstances, the evidence would support a finding that he had no earning capacity after the injury. The amount which he was able to earn for the one day's work cannot be taken as his daily wage after the injury, as contended by petitioner, when it appears that he was unable to perform that work more than one day.

The commission, however, did not find that he had no earning capacity, but that it was $2 per day. If the evidence is sufficient to support a larger award based on no earning capacity, it follows that it will be sufficient to support the smaller award granted by the commission. Mead Bros., Inc., v. Watts (1928) 135 Okla. 23, 273 P. 207. The error is in favor of the party now complaining. The claimant has filed no cross-appeal, and the finding of the commission is binding on

this court under such circumstances. Texas Co. v. Roberts, supra; · Industrial Track Const. Co. v. Colthrop (1933) 162 Okla. 274, 19 P. (2d) 1084; Stanolind Pipe Line Co. v. Hudson (1933) 163 Okla. 73, 20 P. (2d) 1037.

The award commuting the attorney fees is vacated, and in all other respects the award is affirmed, with directions to make all future payments periodically in accordance with the views herein expressed.

RILEY, WELCH, PHELPS, CORN, GIBSON, and DAVISON, JJ., concur. OSBORN, C. J., and BAYLESS, V. C. J., absent.