### KECK et al. v. WILSON et al.

No. 28445.   Dec. 13, 1938.

Jarman, Brown, Looney & Watts and Edgar Fenton, for petitioners.

Dan Nelson and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by George E. Keck and his insurance carrier, hereafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of Charlie Albert Wilson, hereafter referred to as respondent. The record shows that on March 6, 1936, respondent, while in the employ of the petitioner George E. Keck, and while engaged in a hazardous employment, sustained an accidental personal injury; that petitioners furnished medical attention and made payments of compensation at the rate of $8 per week; that on May 18, 1936, the respondent applied to the Industrial Commission for an order which would require the petitioners to furnish him further medical attention and to pay compensation at the rate of $9.23 per week; that, as a result of hearings held on the aforesaid application, the Industrial Commission on October 1, 1937, entered an order and award wherein it found that respondent had been temporarily totally disabled as a result of his injury from the date of its occurrence until November 1, 1936, and directed payment of compensation for said period at the rate of $8 per week; that petitioners complied with the order and award so made, and that thereafter, on December 14, 1937, the respondent applied to the Industrial Commission for a determination of the extent of his permanent disability and an award therefor; that as the result of a· hearing held on this last application, the Industrial Commission, on February 8, 1938, made the order and award which we are now called upon to review. The award thus made was under the "other cases" provision of subdivision 3 of section 13356, O. S. 1931, 85 Okla. St. Ann. sec. 22, subdivision 3, and was based upon the following finding of fact made by the commission:

"That by reason of said accidental injury claimant has sustained a permanent partial disability and decrease in wage-earning capacity, and as a result of the aforementioned injury and resulting permanent partial disability, claimant is entitled to $8 per week compensation, being the minimum compensation for permanent partial disability. and not to exceed 300 weeks and subject to reconsideration of the decrease of such impairment by .the com-

mission on its own motion or upon the application of any party in interest."

The petitioners challenge the finding so made on the ground that it is not supported by any competent evidence and is in conflict with all of the competent evidence. To sustain an award for permanent partial disability under the "other cases" provision of the statute, the employee must show that he has been permanently partially disabled as the result of a compensable injury and that he has sustained a decrease in wage-earning capacity as a consequence of said injury. Murch Bros. Const. Co. v. Cupp, 177 Okla. 102, 57 P.2d 852; Oklahoma Gas & Electric Co. v. Streit, 167 Okla. 437, 30 P.2d 465; Barnsdall Refineries v. State Industrial Com., 167 Okla. 333, 29 P.2d 584; Stanolind Pipe Line Co. v. Hudson, 163 Okla. 73, 20 P.2d 1037; Industrial Track Const. Co. v. Colthrop, 162 Okla. 274, 19 P.2d 1084.

The petitioners concede that the medical evidence was in conflict as to the degree of disability which the respondent had sustained as the result of his accidental injury. This being the situation, the Industrial Commission was at liberty to believe the medical testimony offered by the respondent and to reject the testimony offered by the petitioners. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847; Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P.2d 560. The testimony so offered by the respondent was competent and sufficient to support the finding of the commission that respondent had sustained a permanent partial disability as the result of the injury. While such proof standing alone is insufficient to reflect pro tanto a decrease in the wage-earning capacity of the respondent (Texas Co. v. Roberts, 146 Okla. 140, 294 P. 180; Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P.2d 78; Dailey. Crawford & Pevetoe v. Rand. 155 Okla. 229, 8 P.2d 738; Staas v. Rogers, 166 Okla. 72, 26 P.2d 206; Allen Water Co. v. Davis, 150 Okla. 13, 300 P. 793; Moore v. State Industrial Comm., 170 Okla. 9, 38 P.2d 577), yet it is sufficient, when accompanied by evidence which shows some decrease in the ability of the respondent to labor and perform work of a manual and mechanical nature, to support an award of compensation for the minimum rate prescribed by statute. Superior Smokeless Coal & M. Co. v. Cattaneo, 180 Okla. 135, 68 P.2d 497; Hyde Const. Co. v. O'Kelly, 164 Okla. 149, 23 P.2d 155. Since the record before us contains competent evidence of this nature sufficient to support the award made by the Industrial Commission, it is our duty to sustain the award.

Award sustained.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.