## SEIDENBACH'S et al. v. JACKSON et al.

No. 29035. May 23, 1939.

S. S. Wachter and John C. Thomas, for petitioners.

Font L. Allen and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Seidenbach's and its insurance carrier, hereafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of Jasper Jackson, hereafter referred to as respondent.

The record shows that on April 5, 1938, the respondent sustained an accidental personal injury while in the employ of Seidenbach's; that petitioners furnished medical attention, hospital care, and paid compensation for temporary total disability until July 10, 1938; that on August 19, 1938, the commission sustained the application of the petitioners to discontinue payment of further compensation on account of temporary total disability; that on September 1, 1938, the respondent applied to the commission for determination of the permanent disability which he had sustained as a result of his injury and for an award therefor; that as a result of hearings held on this application. the commission, on December 1, 1938, entered the award which we are now called upon to review.

The award so made was for permanent partial disability under the "other cases" provision of subdivision 3 of section 13356, O. S. 1931, 85 Okla. St. Ann. sec. 22, subdivision 3, and for the minimum as provided by subdivision 5 of said section.

The petitioners contend that there is no competent evidence to support either the finding of the commission that respondent had a permanent partial disability as the result of his injury or a finding of decrease in wage-earning capacity.

To sustain an award for permanent partial disability under the "other cases" provision of the statute, the injured employee must show that he has been permanently partially disabled as a result of a compensable injury, and that he has sustained a decrease in

wage-earning capacity as a consequence of said injury. Murch Bros. Const. Co. v. Cupp, 177 Okla. 102, 57 P.2d 852; Oklahoma Gas & Electric Co. v. Streit, 167 Okla. 437, 30 P.2d 465; Barnsdall Refineries v. State Industrial Commission, 167 Okla. 333, 29 P.2d 584; Stanolind Pipe Line Co. v. Hudson, 163 Okla. 73, 20 P.2d 1037; Industrial Track Construction Co. v. Colthrop, 162 Okla. 274, 19 P.2d 1084.

The medical testimony adduced at the hearings held by the commission was sufficient to establish the fact that the respondent had sustained a permanent partial disability as a result of his injury. While such proof standing alone is insufficient to reflect pro tanto a decrease in wage-earning capacity (Texas Co. v. Roberts, 146 Okla. 140, 294 P. 180; Magnolia Pet. Co. v. Allred, 160 Okla. 126, 16 P.2d 78; Bailey, Crawford & Pevetoe v. Rand, 155 Okla. 229, 8 P.2d 738; Moore v. State Industrial Commission, 170 Okla. 9, 38 P.2d 577), yet it is sufficient when accompanied by evidence which shows some decrease in the ability of the employee to labor and perform work of a manual or mechanical nature to support an award of compensation at the minimum rate prescribed by statute. Keck v. Wilson, 184 Okla. 138, 85 P.2d 757; Superior Smokeless Coal & Min. Co. v. Cattaneo, 180 Okla. 135, 68 P.2d 497; Hyde Const. Co. v. O'Kelley, 164 Okla. 140, 23 P.2d 155. The record before us contains competent evidence of this nature sufficient to support the award as made.

Award sustained.

BAYLESS, C. J., and CORN, HURST, DAVISON, and DANNER, JJ., concur.